## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE ("*Agreement*") is entered into by and between Plaintiffs Neversink General Store and Brenda Tomlinson (the "*Settlement Class Representatives*"), on behalf of themselves and the Settlement Class (as defined below), on the one hand, and Defendants Mowi ASA; Mowi USA, LLC; Mowi Ducktrap, LLC, and Mowi USA Holding, LLC (collectively, "*Mowi*"), on the other (together, the "*Parties*").

## RECITALS

A.      WHEREAS, on November 5, 2020, Neversink General Store ("*Neversink*") filed a putative class action suit in the United States District Court for the Southern District of New York, styled *Neversink General Store v. Mowi USA, LLC et al.*, Case No. 1:20-cv-09293-PAE (the "*Litigation*");

B.      WHEREAS, Neversink's Class Action Complaint (the "*Complaint*") and First Amended Class Action Complaint (the "*First Amended Complaint*") asserted claims under the New York Deceptive Trade Practices Act (N.Y. Gen. Bus. Law §§ 349 and 350) and the consumer fraud acts of several states; claims for breach of express, implied, and common-law warranties; a claim for fraud; and a claim for unjust enrichment, all putatively on behalf of a nationwide class, multi-state class, and/or a New York subclass, arising out of Mowi's marketing of the Ducktrap Products (as defined below);

C.      WHEREAS, on January 18, 2021, Ms. Tomlinson sent a letter to Mowi, alleging that "Mowi's marketing of the [Ducktrap] Products is false and misleading" and threatening a separate nationwide class action;

D.      WHEREAS, the Parties and their counsel conducted arms-length settlement negotiations, including a full-day Zoom mediation session on February 8, 2021, mediated by the Honorable Diane M. Welsh (ret.), and reached an agreement in principle to settle on the terms and conditions embodied in this Agreement;

E.      WHEREAS, on February 24, 2021, the Court granted Neversink's motion for leave to file a Second Amended Class Action Complaint (the "*Second Amended Complaint*"), which, among other changes, adds Ms. Tomlinson as a Plaintiff and putative class representative and adds Mowi ASA as a Defendant;

F.      WHEREAS, the Settlement Class Representatives and Mowi have conducted an investigation of the facts and have analyzed the relevant legal issues in regard to the claims and defenses asserted in the Litigation; the Settlement Class Representatives and their counsel believe that the claims asserted in the Second Amended Complaint have merit; and Mowi denies that it has engaged in any wrongdoing and denies all claims asserted in the Complaint, First Amended Complaint, and Second Amended Complaint;

G.      WHEREAS, the Parties also have considered the uncertainties of trial and the benefits to be obtained by settlement and have considered the costs, risks, and delays associated with the continued prosecution of this complex and time-consuming litigation and the likely appeals of any rulings in favor of either the Settlement Class Representatives or Mowi;

H.      WHEREAS, the Parties have concluded that continued litigation could be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement in order to limit further expense, inconvenience, and uncertainty;

I.      WHEREAS, the Parties now desire to resolve all claims of the Settlement Class Representatives and the Settlement Class against Mowi that are asserted or that could have been asserted in the Litigation concerning Mowi's marketing of the Ducktrap Products;

J.      WHEREAS, the Parties wish to enter into a compromise and settlement to avoid the uncertainty and expense of litigation and to achieve a fair and reasonable resolution of the Litigation;

K.      WHEREAS, the Parties intend for this Agreement to supersede all other agreements between the Parties that may exist, including the Class Action Settlement Agreement and Release filed in the Litigation on March 16, 2021;

L.      WHEREAS, it is now the intention of the Parties and the objective of this Agreement to avoid the costs of further litigation and trial and to settle and dispose of, fully and completely and forever, any and all claims and causes of action in the Litigation.

**AGREEMENT**

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, the Settlement Class Representatives, the Settlement Class, and Mowi, themselves and through their undersigned counsel, agree to settle the Litigation, subject to Court approval, under the following terms and conditions.

**1.      DEFINITIONS**. Unless otherwise indicated above, the following shall be defined terms for purposes of this Agreement. Some of the definitions in this Section use terms that are defined later in the Section. All defined terms are italicized and listed in alphabetical order:

**1.1.**      As used herein, the term "***Agreement***" means this Class Action Settlement Agreement and Release, including all amendments and exhibits hereto.

**1.2.**      As used herein, the term "***Cash Payment***" means the amount to be paid to each Settlement Class Member Eligible for a Cash Payment as set forth in Section 3.2 of this Agreement.

**1.3.**      As used herein, the term "***Claims***" means any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, nominal, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal, or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration, or otherwise, whether asserted in an individual action, a putative class action, a *parens patriae* action, or other representative action (including any action purportedly brought on behalf

2

of the general public of the United States or of a particular state, district, or territory therein), and whether triable before a judge or jury or otherwise.

1.4.    As used herein, the term "*Claim Form*" means the form that Settlement Class Members must submit to obtain the Cash Payment available through this Settlement, in the form of Exhibit C hereto. The Claim Form shall require each Settlement Class Member to provide the Settlement Class Member's name and mailing address and, for each Ducktrap Product purchase for which the Settlement Class Member is seeking compensation in connection with this Settlement, either:

(a)    valid Proof of Purchase showing the Settlement Class Member's actual purchase(s) during the Class Period of one or more Ducktrap Products; or

(b)    a certification attesting under penalty of perjury (i) that the Settlement Class Member purchased during the Class Period one or more Ducktrap Products; and (ii) the total number of such Products purchased during the Class Period.

1.5.    As used herein, the term "*Claims Submission Deadline*" means the date one hundred twenty (120) days after the date of entry of the Preliminary Approval Order, and is the deadline by which Settlement Class Members must submit a Claim Form to the Settlement Administrator for the claim to be considered valid, as set forth in Section 4.3(b) of this Agreement.

1.6.    As used herein, the term "*Class Period*" means the period beginning March 1, 2017 and ending on the date of the Preliminary Approval Order.

1.7.    As used herein, the term "*Class Representative Service Award*" means an amount not to exceed seven thousand five hundred dollars ($7,500) for Neversink and one thousand five hundred dollars ($1,500) for Ms. Tomlinson, awarded at the discretion of the Court, intended to compensate the Settlement Class Representatives for their work done on behalf of the Settlement Class.

1.8.    As used herein, the term "*Complaint*" means the original putative class action complaint filed on November 5, 2020 (ECF No. 1) in the Litigation.

1.9.    As used herein, the term "*Court*" means the United States District Court for the Southern District of New York.

1.10.    As used herein, the term "*Ducktrap Product*" means a Ducktrap River of Maine smoked Atlantic salmon product, including those marketed under the Ducktrap River of Maine, Kendall Brook, Spruce Point, Marine Harvest, and Nova Lox brand names.

1.11.    As used herein, the term "*Effective Date*" means the date on which all of the following events have occurred: (a) the Court has entered both the Final Approval Order and the Judgment, <u>and</u> (b) either: (i) the time to appeal from the Judgment and all orders entered in connection with that Judgment has expired and no appeal has been taken; or (ii) if a timely appeal of the Judgment and all orders entered in connection with that Judgment is taken, the date on which the Judgment and all orders entered in connection with that Judgment are no longer subject to

further direct appellate review if the Judgment and all orders entered in connection with that Judgment have not been reversed in any way.

    **1.12.**   As used herein, the term "***Exclusion/Objection Deadline***" means the date one hundred twenty (120) days after the entry of the Preliminary Approval Order, and is the deadline by which Settlement Class Members must exclude themselves from the Settlement Class or object to the Settlement, as set forth in Sections 4.4 and 4.6 hereof.

    **1.13.**   As used herein, the term "***Final Approval Hearing***" means the hearing(s) to be held by the Court, at least one hundred ninety (190) days after the date of entry of the Preliminary Approval Order, to consider and determine whether the proposed Settlement of this Litigation on the terms of this Agreement should be finally approved as fair, reasonable, and adequate, and whether both the Final Approval Order and Judgment should be entered.

    **1.14.**   As used herein, the term "***Final Approval Order***" means the order finally approving the Settlement and this Agreement and directing its consummation pursuant to its terms and conditions, approving the Release, and dismissing the claims asserted in the Litigation with prejudice. The Final Approval Order shall be substantially in the form attached as Exhibit D hereto, subject to such non-substantive modifications as the Court may direct.

    **1.15.**   As used herein, the term "***First Amended Complaint***" means the First Amended Class Action Complaint filed on January 12, 2021 (ECF No. 24) in the Litigation.

    **1.16.**   As used herein, the term "***Judgment***" means the Judgment to be entered by the Court. The Judgment shall be substantially in the form attached as Exhibit E hereto, subject to such modifications as the Court may direct.

    **1.17.**   As used herein, the term "***Litigation***" means the civil action styled *Neversink General Store et al. v. Mowi USA, LLC et al.*, Case No. 1:20-cv-09293-PAE, currently pending in the United States District Court for the Southern District of New York.

    **1.18.**   As used herein, the term "***Long Form Notice***" means the Court-approved form of notice of the terms of the proposed Settlement that shall be provided to Settlement Class Members in the manner contemplated by Sections 4.2(a) and 4.2(b). The Long Form Notice shall be substantially in the form attached as Exhibit B hereto.

    **1.19.**   As used herein, the term "***Mowi***" means Mowi ASA; Mowi USA, LLC; Mowi Ducktrap, LLC; and Mowi USA Holding, LLC.

    **1.20.**   As used herein, the term "***Mowi's Counsel***" means the law firm of Covington & Burling LLP.

    **1.21.**   As used herein, the term "***Neversink***" means Plaintiff Neversink General Store, located in Neversink, New York.

    **1.22.**   As used herein, the term "***Notice***" means the notice of the terms of the proposed Settlement provided to Settlement Class Members in the manner contemplated by Section 4.2 of this Agreement.

**1.23.**    As used herein, the term "***Notice and Settlement Administration Costs***" means all fees, costs, and other expenses, without limitation, relating to the Settlement Administrator's implementation and administration of this Agreement.

**1.24.**    As used herein, the term "***Notice and Settlement Administration Costs Advance***" means an advance on the Notice and Settlement Administration Costs in the amount of $112,718 to be paid to the Settlement Administrator within twenty (20) days after the date of entry of the Preliminary Approval Order pursuant to Section 2.4(b).

**1.25.**    As used herein, the term "***Objector***" means a Settlement Class Member that objects to the Settlement pursuant to the procedures laid out in Section 4.6.

**1.26.**    As used herein, the term "***Online Notice***" means the Court-approved form of notice of the terms of the proposed Settlement that shall be provided to Settlement Class Members in the manner contemplated by Section 4.2(c). The Online Notice shall be designed by the Settlement Administrator, subject to the review and approval by the Parties.

**1.27.**    As used herein, the term "***Order***" includes, as appropriate, the Preliminary Approval Order, the Final Approval Order, any orders relating to a Class Representative Service Award or any Settlement Class Counsel Attorneys' Fees and Costs Award, and the Judgment.

**1.28.**    As used herein, the term "***Parties***" means the Settlement Class Representatives, individually and in their capacity as representatives of the Settlement Class, and Mowi.

**1.29.**    As used herein, the term "***Preliminary Approval Order***" means the order preliminarily approving this Agreement as fair, reasonable, and adequate; provisionally certifying, for settlement purposes only, the Settlement Class; provisionally appointing the Settlement Class Representatives as the class representatives; provisionally appointing Settlement Class Counsel as class counsel; staying further proceedings in the Litigation and staying any litigation of the Released Claims by any member of the Settlement Class pending final settlement approval; authorizing the sending of Notice to the Settlement Class; and setting the date and time of the Final Approval Hearing. The Preliminary Approval Order shall be substantially in the form attached as Exhibit A hereto, subject to such modifications as the Court may direct.

**1.30.**    As used herein, the term "***Proof of Purchase***" means a dated receipt, credit card or bank statement, or other document evidencing the Settlement Class Member's actual purchase of one or more Ducktrap Products within the Class Period.  For the avoidance of doubt, an affidavit, declaration, or other written statement by a Settlement Class Member is not by itself sufficient to qualify as a Proof of Purchase.

**1.31.**    As used herein, the term "***Releases***" means the releases and covenants not to sue granted pursuant to Section 3.6.

**1.32.**    As used herein, the term "***Released Claims***" means any Claims that any Settlement Class Representative or any Settlement Class Member ever had, now has, or may have in the future, whether asserted by such Settlement Class Representative or Settlement Class Member, or asserted on their behalf by a third party (including Claims brought on behalf of the general public of the United States or of a particular state, district, or territory therein), arising out of or in any

way relating to conduct occurring on or before the date of entry of the Preliminary Approval Order relating to:

(a)      use of the phrases "sustainably sourced," "all natural," "Ducktrap River of Maine," "Ducktrap River Maine," and/or "from Maine" on the packaging of Ducktrap Products;

(b)      any of the other marketing representations identified in the Complaint, First Amended Complaint, or Second Amended Complaint filed in the Litigation, including, but not limited to, any representations made on the packaging of Ducktrap Products, on Mowi's websites, on Mowi's social media platforms, or in any other form, that "WE CARE for the ecosystem" or that Ducktrap Products or the salmon sourced for those Products are "sustainably sourced," "responsibly source[d]," "farm[ed] sustainably," "responsibly farmed," "environmentally sustainable," "eco-friendly," "all natural," "100% natural," "100% all natural," "from Maine," or "from the coast of Maine";

(c)      any acts or omissions that were raised or could have been raised within the scope of the facts asserted in the Complaint, First Amended Complaint, or Second Amended Complaint, including representations similar to the representations set forth in subsections (a) and (b) of this Section 1.32; or

(d)      any event, matter, dispute, or thing that in whole or in part, directly or indirectly, relates to or arises out of said events specified in subsections (a), (b), or (c) of this Section 1.32.

1.33.    As used herein, the term "***Released Parties***" means Mowi ASA; Mowi USA, LLC; Mowi Ducktrap, LLC; and Mowi USA Holding, LLC, each together with its predecessors, successors (including, without limitation, acquirers of all or substantially all of its assets, stock, or other ownership interests) and assigns; the past, present, and future, direct and indirect, parents, subsidiaries, and affiliates of any of the above (including, but not limited to, Marine Harvest Holding, AS); and the past, present, and future principals, trustees, partners, officers, directors, employees, agents, attorneys, shareholders, advisors, predecessors, successors (including, without limitation, acquirers of all or substantially all of their assets, stock, or other ownership interests), assigns, representatives, heirs, executors, and administrators of any of the above.

1.34.    As used herein, the term "***Releasing Parties***" means the Settlement Class Representatives, the Settlement Class Members (other than those who have timely and validly excluded themselves from the Settlement Class), and any person or entity claiming by, for, on behalf of, or through them.

1.35.    As used herein, the term "***Second Amended Complaint***" means the operative Second Amended Class Action Complaint filed on February 23, 2021 (ECF No. 40-1) in the Litigation.

1.36.    As used herein, the term "***Settlement***" means the full and final resolution of the Litigation and related claims effectuated by this Agreement.

1.37.    As used herein, the term "***Settlement Administrator***" means or refers to Angeion Group, which shall perform the services contemplated by this Agreement and such other

reasonable services to effectuate this Agreement with the consent of both Settlement Class Counsel and Mowi's Counsel or as approved by the Court.

**1.38.**   As used herein, the term "***Settlement Class***" means all persons or entities residing in the United States of America that purchased a Ducktrap Product with packaging that included "sustainably sourced," "all natural," and/or "from Maine" during the period beginning March 1, 2017 and ending on the date of entry of the Preliminary Approval Order.  The following individuals are excluded from the Settlement Class: officers and directors of Mowi and its parents, subsidiaries, affiliates, and any entity in which Mowi has a controlling interest; all judges assigned to hear any aspect of this Litigation, as well as their staff and immediate family; and Settlement Class Counsel, their staff members, and their immediate family.

**1.39.**   As used herein, the term "***Settlement Class Counsel***" means the law firms of Shub Law Firm LLP and Mason Lietz & Klinger LLP.

**1.40.**   As used herein, the term "***Settlement Class Counsel Attorneys' Fees and Costs Award***" means an amount not to exceed three hundred sixty thousand dollars ($360,000) awarded at the discretion of the Court to Settlement Class Counsel.

**1.41.**   As used herein, the term "***Settlement Class Member***" means any person who is a member of the Settlement Class.

**1.42.**   As used herein, the term "***Settlement Class Member Eligible for a Cash Payment***" means a Settlement Class Member that has submitted a valid Claim Form before the Claims Submission Deadline pursuant to Section 4.3(b) of this Agreement and has not sought to be excluded from the Settlement.

**1.43.**   As used herein, the term "***Settlement Class Representatives***" means, collectively, Plaintiffs Neversink General Store and Brenda Tomlinson, individually and in their capacity as representatives of the Settlement Class.

**1.44.**   As used herein, the term "***Settlement Website***" means the website that shall be created for Settlement administration purposes by the Settlement Administrator in the manner contemplated by Section 4.2(a).

**1.45.**   As used herein, the term "***Total Class Consideration***" means the total amount payable by Mowi under Section 3.2(d) of this Agreement to Settlement Class Members Eligible for a Cash Payment, plus the Notice and Settlement Administration Costs and any Class Representative Service Awards, not to exceed one million three hundred thousand dollars ($1,300,000).

**2.**   S**ETTLEMENT** A**DMINISTRATION**.

**2.1.**   **Settlement Administrator.** The Settlement Administrator shall administer various aspects of the Settlement as described in the next Sections hereafter and as specified elsewhere in this Agreement.

**2.2.    Duties of Settlement Administrator**. The duties of the Settlement Administrator, in addition to any other responsibilities that are described in this Agreement, shall include:

(a)    Serving notice as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, within ten (10) days after the filing of the motion for preliminary approval;

(b)    Providing Notice to Settlement Class Members as set forth in this Agreement and/or as otherwise directed by the Court;

(c)    Establishing and maintaining the Settlement Website, which shall bear a URL that is subject to Mowi's approval, as a means for Settlement Class Members to obtain Notice and information about the Settlement;

(d)    Establishing and maintaining a toll-free telephone helpline to which Settlement Class Members may refer for information about the Litigation and the Settlement Agreement;

(e)    Establishing and maintaining a system for collecting the submission of electronic Claim Forms that may be submitted to the Settlement Administrator through the Settlement Website;

(f)    Providing an address for (i) the submission of Claim Forms that may be mailed to the Settlement Administrator; and (ii) mailed requests for exclusion from Settlement Class Members;

(g)    Responding to any inquiries from Settlement Class Members;

(h)    Processing and determining the validity of any requests for exclusion by Settlement Class Members;

(i)    Providing interim reports on request and, within one hundred forty-eight (148) days after the date of entry of the Preliminary Approval Order, a final report to Settlement Class Counsel and Mowi's Counsel that summarizes the number of claims received from Settlement Class Members since the prior reporting period, the total number of claims received to date, the number of any claims accepted and denied since the prior reporting period, the total number of claims accepted and denied to date, and any other pertinent information requested by Settlement Class Counsel or Mowi's Counsel;

(j)    Providing interim reports on request, and, within one hundred forty-eight (148) days after the date of entry of the Preliminary Approval Order, a final report to Settlement Class Counsel and Mowi's Counsel summarizing the number of requests for exclusion received from Settlement Class Members since the prior reporting period, the total number of exclusion requests received to date, the names and addresses of all Settlement Class Members who made a request for exclusion, and any other pertinent information requested by Settlement Class Counsel or Mowi's Counsel;

(k)    No later than thirty-five (35) days before the Final Approval Hearing, preparing an affidavit to submit to the Court affirming its compliance with the notice (including

CAFA) and settlement administration provisions of this Agreement, and identifying any Settlement Class Members who timely and validly requested exclusion from the Settlement Class;

(l)     Reviewing, determining the validity of, and responding to all Claim Forms submitted;

(m)    Providing all information to Mowi that Mowi deems necessary before it can perform any of its obligations under this Agreement, including transferring any funds to the Settlement Administrator;

(n)     Processing and transmitting Cash Payments to Settlement Class Members as provided in this Agreement;

(o)     Paying any invoices, expenses, taxes, fees, and other costs as contemplated by this Agreement or required by law; and

(p)     Performing any other settlement administration-related functions reasonably necessary to effectuate this Agreement, with the consent of both Settlement Class Counsel and Mowi's Counsel, or as approved or ordered by the Court.

**2.3.    Confidentiality.**  The Settlement Administrator shall administer the Settlement in accordance with the terms of this Agreement and, without limiting the foregoing, shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in this Agreement or by court order.

**2.4.    Payment of Notice and Settlement Administration Costs**.

(a)     All Notice and Settlement Administration Costs, including all costs associated with providing notice to the appropriate state and federal government officials as may be required by the Class Action Fairness Act, shall be paid by Mowi, with all such payments to be applied against the Total Class Consideration set forth in Section 3.2(d). The Notice and Settlement Administration Costs shall be paid and deducted from the Total Class Consideration prior to distribution of Cash Payments to the Settlement Class, and shall not increase Mowi's monetary obligation under this Agreement.

(b)     An advance on the Notice and Settlement Administration Costs shall be paid to the Settlement Administrator in an amount of $112,718 (the "Notice and Settlement Administration Costs Advance"), within twenty (20) days after the date of entry of the Preliminary Approval Order.

(c)     In the event this Agreement is not approved or is terminated, or the proposed Settlement fails to become final and effective for any reason, including without limitation if the Final Approval Order or Judgment are reversed, vacated, or modified following any appeal taken therefrom, the Settlement Administrator shall return to Mowi the Notice and Settlement Administration Costs Advance, less any Notice and Settlement Administration Costs actually incurred.

3.    SETTLEMENT TERMS.

3.1.    **Certification of the Settlement Class**.

(a)    Only for the purposes of Settlement and the proceedings contemplated herein for effectuating the Settlement, the Parties stipulate and agree that a Court may (i) certify the Settlement Class in accordance with the definition contained in Section 1.38, (ii) appoint Plaintiffs Neversink and Ms. Tomlinson as Settlement Class Representatives to represent the Settlement Class for Settlement purposes, and (iii) appoint Settlement Class Counsel as counsel for the Settlement Class. Certification of the Settlement Class shall be effective and binding only with respect to the Settlement and this Agreement.

(b)    It is expressly recognized and agreed that this stipulation as to the certification of a Settlement Class and the appointment of Settlement Class Representatives and Settlement Class Counsel shall be of no force and effect and has no evidentiary significance outside of enforcing the terms of this Agreement. By entering into this Agreement, Mowi does not waive its right to challenge or contest the maintenance of any lawsuit against it as a class action and to oppose certification of any class other than the Settlement Class in connection with the Settlement memorialized in this Agreement.

3.2.    **Settlement Class Consideration**.

(a)    In consideration for the complete and final settlement of the Litigation, the Releases, and other promises and covenants set forth in this Agreement, and subject to the other terms and conditions thereof, Mowi agrees to make a Cash Payment to each Settlement Class Member that submits a valid Claim Form before the Claims Submission Deadline (each a "Settlement Class Member Eligible for a Cash Payment") as set forth below.

(b)    Each Settlement Class Member Eligible for a Cash Payment that provides valid Proof of Purchase shall receive a Cash Payment of two dollars and fifty cents ($2.50) for each Ducktrap Product purchased during the Class Period for which the Settlement Class Member Eligible for a Cash Payment has provided valid Proof of Purchase, regardless of the price the Settlement Class Member Eligible for a Cash Payment paid for the Product or the weight or quantity of salmon contained in each package purchased.  Each valid Proof of Purchase may only be submitted for a Cash Payment once per household.

(c)    Each Settlement Class Member Eligible for a Cash Payment that does not provide valid Proof of Purchase shall receive a Cash Payment of two dollars and fifty cents ($2.50) for each Ducktrap Product that the Settlement Class Member Eligible for a Cash Payment attests, on the Claim Form, to have purchased in the United States during the Class Period, regardless of the price the Settlement Class Member Eligible for a Cash Payment paid for the Product or the weight or quantity of salmon contained in each package purchased; provided, however, that the number of units claimed under this subsection may not exceed ten (10) units per household.

(d)    The total of the Cash Payments payable to Settlement Class Members Eligible for a Cash Payment, the Notice and Settlement Administration Costs, and any Class Representative Service Awards shall not, in combination, exceed one million three hundred thousand dollars ($1,300,000) (the "Total Class Consideration"). If the total of the Cash Payments

10

payable to Settlement Class Members Eligible for a Cash Payment, the Notice and Settlement Administration Costs, and any Class Representative Service Awards would exceed one million three hundred thousand dollars ($1,300,000), then each Settlement Class Member's Cash Payment shall be reduced *pro rata* until the total of the Cash Payments payable to Settlement Class Members Eligible for a Cash Payment (as reduced by this sentence), the Notice and Settlement Administration Costs, and any Class Representative Service Awards does not exceed one million three hundred thousand dollars ($1,300,000).

(e)     Mowi shall have no monetary obligation to Settlement Class Members other than the obligations set forth in this Section 3.2.

**3.3.     Service Awards to Settlement Class Representatives**.

(a)     The Settlement Class Representatives may file a motion with the Court requesting a Class Representative Service Award, not to exceed seven thousand five hundred dollars ($7,500) for Neversink and one thousand five hundred dollars ($1,500) for Ms. Tomlinson. Any such motion, if it is filed, must be filed no later than ninety (90) days after the date of entry of the Preliminary Approval Order. Any such motion will be posted on the Settlement Website within one (1) business day after its filing. Subject to Court approval, Mowi agrees to pay the Settlement Class Representatives a Class Representative Service Award in an amount awarded by the Court, provided that any such Award does not exceed seven thousand five hundred dollars ($7,500) for Neversink and one thousand five hundred dollars ($1,500) for Ms. Tomlinson.

(b)     The Settlement Class Representatives' entitlement, if any, to a Class Representative Service Award will be determined by the Court. The Settlement shall not be conditioned on Court approval of a Class Representative Service Award for the Settlement Class Representatives. In the event the Court declines any request or awards less than the amount sought, but otherwise approves the Settlement, the remaining provisions of this Agreement will continue to be effective and enforceable by the Parties. The Settlement Class Representatives agree not to appeal an award in an amount that is less than requested.

(c)     Within seven (7) days of the later of (i) the Effective Date or (ii) the receipt by Mowi of all tax forms and/or payment information reasonably requested by Mowi, Mowi shall pay any Class Representative Service Award in accordance with instructions provided in writing by Settlement Class Counsel on Settlement Class Counsel's firm letterhead. Under no circumstances may the amount distributed to the Settlement Class Representatives in connection with this Settlement exceed seven thousand five hundred dollars ($7,500) for Neversink and one thousand five hundred dollars ($1,500) for Ms. Tomlinson.

(d)     Any Class Representative Service Award shall be paid and deducted from the Total Class Consideration and shall not increase Mowi's monetary obligation under this Agreement.

**3.4.     Attorneys' Fees and Costs**.

(a)     Settlement Class Counsel may file a motion with the Court requesting an award of attorneys' fees and costs not to exceed three hundred and sixty thousand dollars ($360,000), to be paid by Mowi (the "Settlement Class Counsel Attorneys' Fees and Costs

Award"). Any such motion, if it is filed, must be filed no later than ninety (90) days after the date of entry of the Preliminary Approval Order. Any such motion will be posted on the Settlement Website within one (1) business day after its filing. Subject to Court approval, Mowi agrees to pay Settlement Class Counsel's fees and costs in an amount awarded by the Court, provided that any such award of such fees and costs does not exceed three hundred and sixty thousand dollars ($360,000).

(b)    Settlement Class Counsel's entitlement, if any, to an award of attorneys' fees, costs, and/or expenses will be determined by the Court. The Settlement shall not be conditioned on Court approval of the Settlement Class Counsel Attorneys' Fees and Costs Award. In the event the Court declines any request or awards less than the amount sought, but otherwise approves the Settlement, the remaining provisions of this Agreement will continue to be effective and enforceable by the Parties.

(c)    Settlement Class Counsel shall have the sole and absolute discretion to allocate the attorneys' fees and costs among themselves. Mowi shall have no liability or other responsibility for allocation of any such fees and costs awarded, and, in the event that any dispute arises relating to the allocation of fees, Settlement Class Counsel agree to hold Mowi harmless from any and all such liabilities, costs, and expenses of such dispute.

(d)    Within seven (7) days of the later of (i) the Effective Date or (ii) the receipt by Mowi of all tax forms and/or payment information reasonably requested by Mowi, Mowi shall pay any Court-approved Settlement Class Counsel Attorneys' Fees and Costs Award in accordance with instructions provided in writing by Settlement Class Counsel on Settlement Class Counsel's firm letterhead.

**3.5.    Business Practice Changes**. In connection with this Settlement, Mowi agrees to refrain from using the phrases "sustainably sourced," "all natural," and "Naturally Smoked Salmon FROM MAINE" on the packaging of any Ducktrap Product for a period of two years beginning on the date of the entry of the Judgment; provided, however, that Mowi reserves the right to use the same or similar phrases accompanied by appropriate qualifying or substantiating language or symbols, and to represent that the Products are "smoked in Maine."

**3.6.    Releases and Waivers of Rights**

(a)    **Release by Releasing Parties**. Upon entry of the Final Approval Order and accompanying Judgment, and in addition to the preclusive effect of the dismissal with prejudice of the claims asserted in the Litigation pursuant to this Settlement, the Releasing Parties shall be deemed to have released, relinquished, and forever discharged each of the Released Parties from any and all Released Claims. The Releasing Parties covenant and agree that they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, against any of the Released Parties.

(b)    **Additional Releases and Representations By Settlement Class Representatives**. The Settlement Class Representatives represent and warrant that, as of the date of the execution of this Agreement, they are unaware of any additional Claims that they have against Mowi. In addition to the Releases provided in Section 3.6(a), the Settlement Class

Representatives also agree to release Mowi from any and all Claims that they could have asserted against Mowi, regardless of whether the Settlement Class Representatives know of any such Claim.

(c)   **Additional Representations By Settlement Class Counsel**. Settlement Class Counsel represent that, as of the date of the execution of this Agreement, they (i) do not represent any client besides Settlement Class Representatives with claims against Mowi arising out of Mowi's marketing of the Ducktrap Products; (ii) do not presently intend to solicit any client to assert such claims against Mowi; (iii) have not encouraged and will not encourage any Settlement Class Member to opt out of this Settlement, provided that they may present Settlement Class Members with the fact that they have the option to seek to exclude themselves from the Settlement Class; and (iv) shall not offer to represent any Settlement Class Member that submits a request for exclusion.

(d)   **Releases Relating To Litigation Conduct.** The Settlement Class Representatives, Settlement Class Counsel, Mowi, and Mowi's Counsel agree to release each other from any and all Claims relating in any way to any Party or counsel's conduct in this Litigation, including but not limited to any Claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion, or resolution of this Litigation. The list of Claims released by this Section 3.6(d) includes, but is not limited to, Claims for attorneys' fees, costs of suit, or sanctions of any kind except as otherwise set forth in this Agreement, including without limitation in Section 3.4.

(e)   **Waiver of Rights.** The Settlement Class Representatives and each Settlement Class Member each fully understand that, except as otherwise set forth herein, the facts upon which this Agreement is executed may be found hereafter to be other than or different from the facts now believed by the Settlement Class Representatives, the Settlement Class Members, Settlement Class Counsel, Mowi, and Mowi's Counsel to be true and expressly accept and assume the risk of such possible differences in facts and agree that the Agreement shall remain effective notwithstanding any such difference in facts.  The Notice shall expressly advise Settlement Class Members of this waiver.

As to the Released Claims only, upon entry of the Final Approval Order and accompanying Judgment, the Settlement Class Representatives and each Settlement Class Member expressly waive and relinquish the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY

and any and all provisions, rights and benefits of any similar, comparable, or equivalent state, federal, or other law, rule, or regulation or the common law or equity. The Settlement Class

Representatives and each Settlement Class Member may hereafter discover facts other than, different from, or in addition to those that he, she, or it knows or believes to be true and, except as otherwise set forth herein, the Settlement Class Representatives and each Settlement Class Member hereby expressly waive and fully, finally, and forever settle, release, and discharge all known or unknown, suspected or unsuspected, contingent or non-contingent Released Claims as of the date of entry of the Preliminary Approval Order, whether or not concealed or hidden, and without regard to the subsequent discovery or existence of such other, different, or additional facts. The Settlement Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Approval Order and the Judgment to have acknowledged, that the waivers in this Section 3.6(e) were separately bargained for and are a material element of this Agreement. The waivers in this Section 3.6(e) apply only to the Released Claims and not to any other claims.

(f)     The scope of the Releases and Waivers in this Section 3.6 is a material term of this Settlement and Agreement.

**4.     CLASS SETTLEMENT PROCEDURES.**

**4.1.     Preliminary Approval**. No later than May 5, 2021, the Settlement Class Representatives and Settlement Class Counsel shall submit this Settlement to the Court and file an amended motion asking the Court to conditionally certify the Settlement Class and enter the Preliminary Approval Order substantially in the form of Exhibit A hereto. For purposes of Settlement only, Mowi will not oppose the certification, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(e), of the Settlement Class or entry of the Preliminary Approval Order. Entry of the Preliminary Approval Order substantially in the form set forth in Exhibit A is a material term of this Agreement.

**4.2.     Settlement Class Notice**. Subject to Court approval, the Parties agree that as soon as practicable and no later than thirty (30) days after entry of the Preliminary Approval Order, the Settlement Administrator will provide the Settlement Class with Notice of the proposed Settlement by the following methods:

(a)     Establishing     a     Settlement     Website     hosted     at www.smokedsalmonsettlement.com and dedicated to the Settlement, which shall contain a Long Form Notice, in substantially the same form attached hereto as Exhibit B, in both downloadable PDF format and HTML format; a Contact Information page that includes the address for the Settlement Administrator and addresses and telephone numbers for Settlement Class Counsel; the telephone helpline number set forth in Section 4.2(b); the Agreement; the signed Preliminary Approval Order; and a downloadable and online version of the Claim Form. While the Settlement Administrator shall have final authority over the design and operation of the Settlement Website, it shall permit Settlement Class Counsel and Mowi's Counsel to test the operation of the Settlement Website and shall monitor and if necessary update and modify the Settlement Website to ensure that it performs reliably and consistent with the terms of this Agreement, when accessed from all major Internet browsers (desktop and mobile) operating on all major operating systems (including Windows, MacOS, Android, and iOS). The Settlement Administrator shall add to the Settlement Website all other material filings by the Parties or the Court regarding the Settlement, including Settlement Class Counsel's application for an Attorneys' Fees and Costs Award and/or Class

14

Representative Service Awards, the motion for final approval, and any orders with respect to such applications and motions. The Settlement Website shall remain accessible until at least one hundred eighty (180) days after all Cash Payments to Settlement Class Members Eligible for a Cash Payment described in Section 3.2 are distributed;

(b)      Establishing and maintaining a toll-free telephone helpline, which shall be posted on the Settlement Website, to which Settlement Class Members may refer for information about the Litigation and the Settlement Agreement. Those who call the toll-free helpline or who write to the Settlement Administrator may request a printed copy of the Long Form Notice and Claim Form, which the Settlement Administrator shall provide by first class mail. The toll-free helpline shall remain active until at least one hundred eighty (180) days after all Cash Payments to Settlement Class Members Eligible for a Cash Payment described in Section 3.2 are distributed.

(c)      Causing the Online Notice to be published on internet sites, including search engines, social media, and consumer websites, through an appropriate programmatic network.

(d)      Providing notice as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

The Settlement Administrator shall provide a declaration under penalty of perjury to the Court in connection with a motion for entry of the Preliminary Approval Order that the notice provides sufficient reach and frequency to alert Settlement Class Members to the pendency of the Litigation and their rights thereunder. The Court may require changes to the notice process without invalidating this Settlement, provided that the material terms of the Settlement, including the scope of the Release and the total financial obligations imposed on Mowi, are not altered by such changes.

**4.3.     Submission of Claims by Settlement Class Members**.

(a)      Settlement Class Members will be provided an opportunity to submit electronically or by mail a Claim Form seeking a Cash Payment calculated in accordance with Section 3.2 hereof. The Settlement Administrator will mail the Claim Form to any Settlement Class Member upon request, make the Claim Form available on the Settlement Website, and ensure the Claim Form (or the electronic equivalent thereof) can be completed and submitted directly through the Settlement Website so that no printing or mailing is required. For Claim Forms submitted online, the Settlement Class Member shall have the opportunity to upload Proof of Purchase image files (*e.g.*, jpg, tif, pdf).

(b)      To be considered for payment, a Claim Form must be completed and signed (either by manual signature or electronic signature or affirmation) as detailed herein, and (i) submitted online at the Settlement Website no later than one hundred twenty (120) days after the entry of the Preliminary Approval Order, or (ii) mailed to the Settlement Administrator at the address specified in the Claim Form and postmarked no later than one hundred twenty (120) days after the date of entry of the Preliminary Approval Order (the "Claims Submission Deadline"). The deadline to submit a Claim Form shall be at least thirty-five (35) days before the date that any motion for final approval of the Settlement is filed. Claim Forms will not be considered for payment if they are submitted online or postmarked after the Claims Submission Deadline. A

Claim Form will be deemed to have been submitted when posted if received with a postmark date indicated on the envelope, mailed first-class postage prepaid, and addressed in accordance with the instructions. Only one (1) Claim Form may be submitted per household, and the Settlement Administrator shall in no case approve more than one (1) claim per household.

(c)     The Settlement Administrator shall be responsible for reviewing, determining the validity of, and responding to all Claim Forms submitted. The Settlement Administrator shall use adequate and customary procedures and standards to prevent the payment of fraudulent claims and pay only valid claims. The Settlement Administrator will approve Claim Forms and issue payment based upon the terms and conditions of the Agreement and may reject claims that are invalid or evidence waste, fraud, or abuse. The determination of the validity of all claims shall occur within one hundred forty-eight (148) days of the date of entry of the Preliminary Approval Order. All Claim Forms that the Settlement Administrator deems invalid or untimely shall be identified and presented to the Parties, who shall meet-and-confer over the validity and timeliness of any claim. If the Parties cannot agree whether a claim is valid and timely, then the Settlement Administrator shall determine whether a claim is valid and timely. Any challenge to the Settlement Administrator's determination that a claim is invalid or untimely must be presented to the Court in time for such challenge to be resolved at the Final Approval Hearing; otherwise, the claim shall be deemed invalid.

(d)     Within thirty (30) days after the Effective Date, the Settlement Administrator shall email all Settlement Class Members whose claims are denied to state the reasons for denial, at the email address (if any) provided by the Settlement Class Member on the Claim Form. If no email address is provided by the Settlement Class Member on the Claim Form, the Settlement Administrator shall not have an obligation to provide the Settlement Class Member any notification of the reasons for denial of the claim. Mowi's choice not to audit the validity of any one or more Claim Forms shall not constitute or be construed as a waiver or relinquishment of any audit or other rights as to any other Claim Forms, individually or as a group, and similarly shall not be construed as a waiver or relinquishment by Mowi as to any of its audit and other rights under the Settlement Agreement. No person or entity shall have any claim against the Settlement Class Representatives, Mowi, Settlement Class Counsel, Mowi's Counsel, or the Settlement Administrator based on any determination regarding the validity of a Claim Form or the distributions or awards made in accordance with this Agreement and the Exhibits hereto.

(e)     Court approval of the claims process set forth in this Section 4.3 (with the exception of the deadline to submit a Claim Form) is a material term of this Agreement.

4.4.   **Requests for Exclusion**. The Notice shall inform Settlement Class Members that they may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a written request for exclusion that is postmarked no later than the Exclusion/Objection Deadline, *i.e.*, no later than one hundred twenty (120) days after the entry of the Preliminary Approval Order. To be effective, the request for exclusion must include (a) the Settlement Class Member's full name, telephone number, and mailing address; (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) the name of the Litigation: "*Neversink General Store et al. v. Mowi USA, LLC et al.*, Case No. 1:20-cv-09293-PAE"; and (d) the Settlement Class Member's signature, or the like signature or affirmation of an individual authorized to act on the Settlement Class Member's behalf. Upon the Settlement

Administrator's receipt of a timely and valid exclusion request, the Settlement Class Member shall be deemed excluded from the Settlement Class and shall not be entitled to any benefits of this Settlement. A Settlement Class Member may request to be excluded from the Settlement only on the Settlement Class Member's own behalf; a Settlement Class Member may not request that other Settlement Class Members (or a group or subclass of Settlement Class Members) be excluded from the settlement. The Settlement Administrator shall provide copies of all timely and valid exclusion requests to Settlement Class Counsel and Mowi's Counsel. A list of the Settlement Class Members who have timely and validly excluded themselves from the Settlement Class pursuant to this Section 4.4 shall be attached to the Final Approval Order or otherwise recorded by the Court.

    **4.5.    Mowi's Right to Terminate Based on Exclusions.** Mowi may terminate and rescind this Agreement and void the Settlement, at its own discretion (which shall not be subject to any challenge by Settlement Class Counsel, the Settlement Class Representatives, or any other Settlement Class Member), if more than one hundred (100) Settlement Class Members submit valid and timely requests for exclusion. Mowi may exercise this right by, within ten (10) business days after receiving notice that the number of timely and valid exclusions exceeds the agreed upon threshold, giving notice to Settlement Class Counsel that Mowi is terminating and rescinding this Agreement and voiding the Settlement *ab initio*.

    **4.6.    Objections.** The Notice shall inform Settlement Class Members that, if they do not request exclusion from the Settlement Class, they have the right to object to the proposed Settlement only by complying with the objection provisions set forth in this Section 4.6. Settlement Class Members who object to the proposed Settlement shall remain Settlement Class Members, and shall have voluntarily waived their right to pursue any independent remedy against the Released Parties. Any Settlement Class Member who wishes to object to the proposed Settlement must file or send to the Court a written objection that is postmarked or filed no later than the Exclusion/Objection Deadline, *i.e.*, no later than one hundred twenty (120) days after the entry of the Preliminary Approval Order. To be effective, an objection must (a) include the case name and case number: "*Neversink General Store et al. v. Mowi USA, LLC et al.*, Case No. 1:20-cv-09293-PAE"; (b) contain the full name, mailing address, and telephone number of the Settlement Class Member objecting to the Settlement (the "Objector"); (c) include the Objector's signature, or the like signature or affirmation of an individual authorized to act on the Objector's behalf; (d) state with specificity the grounds for the objection; (e) state whether the objection applies only to the Objector, to a specific subset of the class, or to the entire class; (f) contain the name, address, bar number, and telephone number of counsel for the Objector, if represented or counseled in any degree by an attorney in connection with the objection; and (g) state whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel. If the Objector or his or her attorney intends to call witnesses or present evidence at the Final Approval Hearing, the objection must contain the following information: (a) a list identifying all witnesses whom the Objector may call at the Final Approval Hearing and providing all known addresses and phone numbers for each witness, together with a reasonably detailed report of the testimony the witness will offer at the hearing; and (b) a detailed description of all other evidence the Objector will offer at the Final Approval Hearing, including copies of any and all exhibits that the Objector may introduce at the Final Approval Hearing.  To the extent any Settlement Class Member objects to the proposed Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Approval Order and accompanying Judgment.

4.7.    **Distribution of Cash Payments**.

(a)    Within thirty (30) days after the Effective Date, the Settlement Administrator shall calculate the total of Cash Payments payable to Settlement Class Members Eligible for a Cash Payment and inform Settlement Class Counsel and Mowi in writing of that amount. Mowi shall pay such amount to the Settlement Administrator within fifteen (15) days of receiving such notice; provided, however, that such amount shall not exceed one million three hundred thousand dollars ($1,300,000) when combined with the Notice and Settlement Administration Costs and the amount of any Class Representative Service Awards. Payment of this amount, plus any Class Representative Service Awards, shall fully discharge Mowi's monetary obligations to the Settlement Class Members and Settlement Class Representatives under this Agreement.

(b)    Cash Payments shall be paid by check to the Settlement Class Member Eligible for a Cash Payment with an appropriate legend to indicate that it is from the Settlement, and mailed to the address provided on the Claim Form, as updated in the National Change of Address Database. The Settlement Administrator shall also have the right (but not the obligation) to allow Settlement Class Members to elect to receive their payments by direct bank deposit or electronic transfer (*e.g.*, PayPal) and, if such election is made, shall make the Cash Payment to the Settlement Class Member Eligible for a Cash Payment through the method so elected. All Cash Payments shall be made by the Settlement Administrator within sixty (60) days after the Effective Date except that, in the event of an appeal from the Final Approval Order that challenges only the Settlement Class Counsel Attorneys' Fees and Costs Award and/or the Class Representative Service Award and does not challenge any other aspect of the Settlement, all Cash Payments shall be made within ninety (90) days after the Final Approval Order, unless otherwise ordered by the Court.

(c)    The checks mailed to Settlement Class Members Eligible for a Cash Payment shall be valid for one hundred eighty (180) days after issuance. The Settlement Administrator will make reasonable efforts to locate the proper address for any intended recipient of a Cash Payment whose check is returned by the Postal Service as undeliverable, and will re-mail it once to the updated address. If a settlement check is not cashed within the 180-day period, the Settlement Class Member shall not be entitled to any further payment under this Agreement. The amount of any settlement checks that are not cashed during this 180-day period shall be distributed in a mutually agreeable manner (for example, through a second distribution to Settlement Class Members Eligible for a Cash Payment if economically feasible, or through a *cy pres* distribution), subject to the approval of the Court per applicable law. In no event shall any uncashed amounts after distribution revert to Mowi.

(d)    No deductions for taxes will be taken from any Cash Payment at the time of distribution. Settlement Class Members are responsible for paying all taxes due on such Cash Payments. Under no circumstance shall Mowi be held liable for any tax payments with respect to the Cash Payments. All Cash Payments shall be deemed to be paid solely in the year in which such payments are actually issued. Neither Settlement Class Counsel nor Mowi's Counsel purport to provide legal advice on tax matters. To the extent this Agreement, or any of its exhibits or related materials, is interpreted to contain or constitute advice regarding any U.S. Federal or any state tax

issue, such advice is not intended or written to be used, and cannot be used, by any person or entity for the purpose of avoiding penalties under the Internal Revenue Code or any state's tax laws.

**4.8.     No Further Confirmatory Discovery**. The Parties exchanged information via informal discovery in connection with the February 8, 2021 mediation. The Settlement Class Representatives and Mowi represent and warrant that all of the information their counsel provided in connection with the mediation and settlement negotiations is true and correct based on information reasonably available and to the best of their knowledge. Mowi is not required to provide any additional discovery, whether formal or informal, to the Settlement Class Representatives, the Settlement Class, or Settlement Class Counsel.

**4.9.     Finality of Settlement.** The Settlement shall become final and effective on the Effective Date.

**5.     FINAL JUDGMENT AND RELEASES**.

**5.1.     Approval of this Agreement**. Counsel for all Parties will jointly take all necessary and appropriate steps to secure the Court's approval of this Agreement. The Parties intend to use their best efforts to obtain approval of the Settlement and entry of the orders contemplated herein, including, without limitation, seeking certification of a Settlement Class and the entry of preliminary and final approval orders. Settlement Class Counsel shall prepare and file motions seeking preliminary and final approval. Mowi may, but is not required to, submit a memorandum or evidence in support of preliminary or final approval. Mowi shall not be responsible for justifying to the Court the amount of any Class Representative Service Award or any Settlement Class Counsel Attorneys' Fees and Costs Award, and Mowi shall have no obligation to provide or submit any materials to justify any such awards.

**5.2.     Final Approval Order and Judgment**. The Settlement is contingent upon entry of a Final Approval Order approving the terms and conditions of this Agreement, and judgment thereon. No later than thirty-five (35) days before the date of the Final Approval Hearing, the Settlement Class Representatives and Settlement Class Counsel shall file a motion seeking the Court's entry of the Final Approval Order, substantially in the form attached hereto as Exhibit D. Such motion shall include the total amount of Notice and Settlement Administration Costs the Settlement Administrator is seeking to be paid in connection with work performed or that will be performed pursuant to the Settlement Administrator's obligations under the Agreement. Mowi will not oppose the motion for final approval, unless to enforce its termination rights under Section 4.5 hereof.

**5.3.     Effect of Agreement if Settlement Is Not Approved**. This Agreement is entered into only for the purpose of Settlement. If certification of the Settlement Class, preliminary or final approval of the Settlement, or any other Order necessary to effectuate this Settlement does not occur, then this Settlement shall be void, shall have no force or effect, and shall impose no obligations on the Parties. Under such circumstances, this Agreement may not be introduced into evidence under any circumstances, including but not limited to in connection with any motion for class certification. The intent of this Section 5.3 is that, if a necessary approval is denied, the Parties will revert to their positions immediately prior to February 8, 2021, and the Litigation will resume without prejudice to any party (*i.e.*, to their positions *ab initio*); provided, however, that the Second

Amended Complaint shall remain the legally operative complaint. In the event of such a reversion, the Parties agree that no class will be deemed to have been certified, and that the proposed or actual certification of a settlement class will not be urged or considered as a factor in any proceeding.

**5.4.    Dismissal**. Upon entry of the Final Approval Order and accompanying Judgment, except as to any Settlement Class Members who have validly and timely requested exclusion, all Claims in the Second Amended Complaint shall be dismissed with prejudice pursuant to this Settlement.  Dismissal with prejudice is a material term of this Settlement.

**6.    ADDITIONAL PROVISIONS**

**6.1.    No Admission of Liability or Wrongdoing**. This Agreement reflects the compromise and settlement of disputed claims among the Parties. Its constituent provisions, and any and all drafts, communications, and discussions relating thereto, shall not be construed as, used for, or deemed to be evidence of an admission or concession of any point of fact or law by any person or entity, including Mowi, and shall not be offered or received in evidence or requested in discovery in this Litigation or any other litigation or proceeding as evidence of an admission or concession. Mowi has denied and continues to deny each of the claims and contentions alleged by the Settlement Class Representatives in the Litigation. Mowi has asserted and continues to assert defenses thereto, and Mowi has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Complaint, First Amended Complaint, or Second Amended Complaint.

**6.2.    Termination.** If the Court for any reason does not enter any material part of the Preliminary Approval Order or the Final Approval Order or Judgment, or if any of those Orders (with the exception of any provision of these Orders relating to any Class Representative Service Award or any Settlement Class Counsel Attorneys' Fees and Costs Award) is materially modified, reversed, or set aside on further judicial review, or if for any other reason the Settlement does not become final, or if the Court or a reviewing court takes any action to expand, impair, or reduce the scope or effectiveness of the Releases set forth in Section 3.6 or to impose greater financial or other burdens on Mowi than those contemplated in this Agreement, then either Party shall have the option of terminating this Agreement. If a Party exercises this option, this Agreement shall become null and void *ab initio* without prejudice to the *status quo ante* rights, positions, and privileges of the Parties, except as otherwise expressly provided herein. For the avoidance of doubt, the maximum Mowi may be required to pay in connection with this Settlement is one million, six hundred and sixty thousand dollars ($1,660,000.00).  If Mowi is ordered to pay more than that amount, then Mowi shall have the option to terminate this Agreement. In the event of a termination, this Agreement shall have no force or effect and the Parties will return to the *status quo ante* in the Litigation as it existed prior to February 8, 2021; provided, however, that the Second Amended Complaint shall remain the legally operative complaint. The Parties will also be prohibited from using this Settlement and any settlement or mediation communications as evidence in the Litigation. The Parties further agree to cooperate in asking the Court to set a reasonable schedule for the resumption of the Litigation.

**6.3.    Publicity**.   The Parties will cooperate with respect to any public statements regarding this Settlement. The contents of press releases, public statements, and other statements to the media regarding this Litigation, this Settlement, or this Agreement must be approved by all

Parties; provided, however, that such approval will not be unreasonably withheld. In no event shall the Parties or their counsel make any public statements that disparage the business or reputation of the other (or their counsel in this action) based on the subject matter or the conduct of the Litigation. The Parties and their counsel may, however, disclose the fact that the Parties have entered into this Agreement to settle the claims in this Litigation on a nationwide class-action basis with any individual or entity (or their counsel) that has asserted claims that would be released by the Settlement. Nothing in this Section 6.3, or elsewhere in this Agreement, shall prevent Settlement Class Counsel from discharging their duties to Settlement Class Members; discussing the Settlement with the Settlement Class Representatives, Settlement Class Members, or the Court; disclosing public information about the case on a resume, curriculum vitae, firm website, in other promotional materials, or in future legal filings; or responding to government inquiries.

**6.4.    Fair, Adequate and Reasonable Settlement**. The Parties believe this Settlement is a fair, adequate, and reasonable settlement of the Litigation and have arrived at this Settlement through arms-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after negotiations that included a daylong mediation conducted by the Honorable Diane M. Welsh (ret.).

**6.5.    Stay and Bar of Other Proceedings**. Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Litigation, and no Settlement Class Member, either directly, on a representative basis, or in any other capacity, will commence or prosecute any action or proceeding against any of the Released Parties asserting any of the Released Claims, pending final approval of the Settlement; nor shall any third party do so on their behalf.

**6.6.    Real Parties in Interest**. In executing this Agreement, Settlement Class Representatives, on behalf of themselves and the Settlement Class, represent and warrant that, to their knowledge, Settlement Class Members are the only persons having any interest in any of the claims that are described or referred to herein, or in any of the pleadings, records, and papers in the Litigation, and, except as provided herein, neither said claims nor any part thereof have been assigned, granted, or transferred in any way to any other person, firm, or entity.

**6.7.    Voluntary Agreement**. This Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm, or entity.

**6.8.    Binding On Successors**. This Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

**6.9.    Parties Represented by Counsel**. The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Agreement by independent counsel of their own choosing, that they have read this Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Agreement and of its legal effect.

**6.10.    Authorization**. Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of

21

action released herein by that Party and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**6.11.   Construction and Interpretation**. Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them.

**6.12.   Headings**. The various headings used in this Agreement are solely for the convenience of the Parties and shall not be used to interpret this Agreement.

**6.13.   Exhibits**. The exhibits to this Agreement constitute material parts of this Agreement and are incorporated by reference herein.

**6.14.   Effect of Weekends and Holidays**.   If any date or deadline in this Agreement falls on a Saturday, Sunday, or federal holiday, the next business day following the date or deadline shall be the operative date.

**6.15.   Merger and Integration**. This Agreement—including the Recitals to this Agreement, which are contractual in nature and form a material part of this Agreement—contains the entire, complete, and integrated statement of each and every term and condition agreed to by and among the Parties, is not subject to any term or condition not provided for herein, and supersedes, extinguishes, and replaces all previous agreements, discussions, and negotiations. This Agreement shall not be modified in any respect except by a writing executed by duly authorized representatives of all the Parties hereto. In entering into this Agreement, no Party has made or relied on any warranty or representation not specifically set forth herein. There shall be no waiver of any term or condition absent an express writing to that effect by the Party to be charged with that waiver. No waiver of any term or condition in this Agreement by any Party shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Agreement.

**6.16.   Modifications and Amendments**. No amendment, change, or modification of this Agreement or any part thereof shall be valid unless in writing signed by the Parties.

**6.17.   Governing Law**.   This Agreement is entered into in accordance with federal law and the laws of the State of New York and shall be governed by and interpreted in accordance with federal law and the laws of the State of New York, without regard to any conflicts of laws principles.

**6.18.   Further Assurances**. Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances and shall do any and all acts or things reasonably necessary in connection with the performance of its obligations hereunder to carry out the express intent of the Parties hereto.

**6.19.   Execution Date**. This Agreement shall be deemed executed on May 5, 2021.

**6.20.   Continuing Jurisdiction**. The parties shall ask the Court to retain jurisdiction over the interpretation, effectuation, and implementation of this Agreement.

DocuSign Envelope ID: 408ACB10-0455-43BB-9D5E-5CBFB7A9FBC4

**6.21.   Counterparts**. This Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

**6.22.   Notice**. Any notice required or permitted to be given in connection with this Agreement shall be served in the Litigation in accordance with applicable law. If not served by email, a copy shall be sent by email to all opposing counsel of record at their respective email addresses of record.

IN WITNESS WHEREOF, each of the signatories has read and understood this Agreement, has executed it, and represents that he or she is authorized to execute this Agreement on behalf of the Party or Parties he or she represents, who or which has agreed to be bound by its terms and has entered into this Agreement.

Agreed to by:

_Jaime Stankevicius_     5/3/2021
_____
Jaime Stankevicus          Date
*Owner - Neversink General Store*
*Settlement Class Representative*

_Brenda Tomlinson_     5/3/2021
_____
Brenda Tomlinson          Date
*Settlement Class Representative*

_Jonathan Shub_     5/3/2021
_____
Jonathan Shub          Date
*Counsel for the Settlement Class*
*Representatives and the Settlement Class*

_Gary M. Klinger_     5/3/2021
_____
Gary M. Klinger          Date
*Counsel for the Settlement Class*
*Representatives and the Settlement Class*

_Gary E. Mason_     5/3/2021
_____
Gary E. Mason          Date
*Counsel for the Settlement Class*

_____
Ole- Eirik Lerøy          Date
*Chairman of the board*
*Mowi ASA*

_____
Ivan Vindheim          Date
*CEO*
*Mowi ASA*

_____
Ola Brattvoll          Date
*COO Sales and Marketing -*
*Mowi USA Holding, LLC*

_____
Joe Fidalgo          Date
*Managing Director of Consumer Products*
*(Americas) - Mowi USA, LLC*

_____
Donald Cynewski          Date
*General Manager - Mowi Ducktrap, LLC*

DocuSign Envelope ID: 408ACB10-04F5-43BB-9D5E-5CBFB7A9FBC4

*Representatives and the Settlement Class*

DocuSigned by:

*kevin laukaitis*                    5/3/2021
—36B62B7BFA1F4EA...
_____          _____
Kevin Laukaitis              Date     Andrew Soukup              Date
*Counsel for the Settlement Class*    *Counsel for Mowi*
*Representatives and the Settlement Class*


                                      _____
                                      Ashley Simonsen            Date
                                      *Counsel for Mowi*

6.21. **Counterparts.** This Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

6.22. **Notice.** Any notice required or permitted to be given in connection with this Agreement shall be served in the Litigation in accordance with applicable law. If not served by email, a copy shall be sent by email to all opposing counsel of record at their respective email addresses of record.

IN WITNESS WHEREOF, each of the signatories has read and understood this Agreement, has executed it, and represents that he or she is authorized to execute this Agreement on behalf of the Party or Parties he or she represents, who or which has agreed to be bound by its terms and has entered into this Agreement.

Agreed to by:

| | |
|---|---|
| Jaime Stankevicus                Date<br>*Owner - Neversink General Store*<br>*Settlement Class Representative* | Ole- Eirik Lerøy                Date<br>*Chairman of the board*<br>*Mowi ASA* |
| Brenda Tomlinson                Date<br>*Settlement Class Representative* | Ivan Vindheim                Date<br>*CEO*<br>*Mowi ASA* |
| Jonathan Shub                Date<br>*Counsel for the Settlement Class*<br>*Representatives and the Settlement Class* | Ola Brattvoll                Date<br>*COO Sales and Marketing -*<br>*Mowi USA Holding, LLC* |
| Gary M. Klinger                Date<br>*Counsel for the Settlement Class*<br>*Representatives and the Settlement Class* | Joe Fidalgo                Date<br>*Managing Director of Consumer Products*<br>*(Americas) - Mowi USA, LLC* |
| Gary E. Mason                Date<br>*Counsel for the Settlement Class*<br>*Representatives and the Settlement Class* | Donald Cynewski                Date<br>*General Manager - Mowi Ducktrap, LLC* |

23

_____          5/5/2021

Kevin Laukaitis        Date         Andrew Soukup        Date
*Counsel for the Settlement Class*         *Counsel for Mowi*
*Representatives and the Settlement Class*

             5/5/2021

         Ashley Simonsen        Date
         *Counsel for Mowi*

24

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEVERSINK GENERAL STORE and BRENDA TOMLINSON, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>MOWI USA, LLC, MOWI DUCKTRAP, LLC, MOWI USA HOLDING, LLC, and MOWI ASA,<br><br>               Defendants. | Case No. 1:20-cv-09293-PAE<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER RULE 23(E) |

Before the Court is Plaintiffs' Unopposed Amended Motion for Preliminary Approval of Class Settlement and Direction of Notice Under Rule 23(e) (the "Motion"). Plaintiffs Neversink General Store and Brenda Tomlinson (collectively, "Plaintiffs") and Defendants Mowi USA, LLC, Mowi Ducktrap, LLC, Mowi USA Holding, LLC, and Mowi ASA (collectively, "Mowi") have entered into a Class Action Settlement Agreement and Release, dated [_____], 2021 (the "Settlement Agreement"). Having thoroughly reviewed the Settlement Agreement, including the proposed forms of class notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

1.     Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members.  Venue is proper in this District.

3.      The Motion is GRANTED.

4.      The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Rule 23(b)(3), consisting of

> All persons or entities residing in the United States of America that purchased a Ducktrap Product with packaging that included "sustainably sourced," "all natural," and/or "from Maine" during the period beginning March 1, 2017 and ending on the date of entry of the Preliminary Approval Order.  The following individuals are excluded from the Settlement Class: officers and directors of Mowi and its parents, subsidiaries, affiliates, and any entity in which Mowi has a controlling interest; all judges assigned to hear any aspect of this Litigation, as well as their staff and immediate family; and Settlement Class Counsel, their staff members, and their immediate family.

5.      The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein pursuant to Rule 23(e)(1).  The Court finds that it will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and to certify the Settlement Class for purposes of judgment on the proposed Settlement.  The Court preliminarily finds that the Settlement is fair, reasonable, and adequate as to the Settlement Class Members under the relevant considerations.  The Court finds that Plaintiffs and proposed Settlement Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class.  The Court further finds that the Settlement Agreement is the product of arm's length negotiations by the Parties

through an experienced mediator, the Honorable Diane M. Welsh (ret.), and comes after adequate investigation of the facts and legal issues, the filing of three complaints and two separate motions to dismiss, and a day-long mediation session.  The Court preliminarily finds that the relief provided to the Settlement Class is adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal and the proposed method of distributing payments to the Settlement Class.  The Court further finds that the Settlement Agreement treats the Settlement Class Members equitably relative to one another.  Under the terms of the Settlement Agreement, Settlement Class Members that submit a timely and valid Claim Form will be sent a Cash Payment, which will be based on the number of Ducktrap Products the Settlement Class Member purchased, as provided on the Settlement Class Member's submitted Claim Form.  Specifically, each Settlement Class Member will receive a payment of up to $2.50 for each Ducktrap Product package purchased in the United States during the Class Period for which the Settlement Class Member has provided valid Proof of Purchase, and up to $2.50 for up to ten Ducktrap Product packages that the Settlement Class Member attests, on the Claim Form, to have purchased in the United States during the Class Period for which the Settlement Class Member cannot provide valid Proof of Purchase.  The Court will fully assess any request for an Attorneys' Fees and Costs Award or a Class Representative Service Award after receiving a motion from Plaintiffs and Settlement Class Counsel supporting such request.  At this stage, the Court finds that the plan to request fees and litigation expenses or a service award creates no reason not to direct notice to the Settlement Class.

6.     The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3).  Specifically, the Court finds that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3)

Plaintiffs' claims are typical of those of the Settlement Class Members; (4) Plaintiffs and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

7.      Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

8.      The Court hereby appoints Plaintiffs Neversink General Store and Brenda Tomlinson as Settlement Class Representatives to represent the Settlement Class.

9.      The Court hereby appoints the following attorneys as Settlement Class Counsel for the Settlement Class:  Shub Law Firm LLP (Jonathan Shub and Kevin Laukaitis) and Mason Lietz & Klinger LLP (Gary M. Klinger and Gary E. Mason).

10.     The Court hereby appoints Angeion Group as Settlement Administrator and directs Angeion Group to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

Notice Program

11.     Pursuant to Rule 23(e)(1) and Rules 23(c)(2)(A) and 23(c)(2)(B), the Court approves the proposed Notice program set forth at Section 4.2 of the Settlement Agreement, including the form and content of the proposed forms of class notice attached as Exhibits B and C to the Settlement Agreement.  The Court finds that the proposed Notice program meets the

requirements of due process under the U.S. Constitution and Rule 23; and that such Notice program, which includes the establishment of a Settlement Website, the establishment of a toll-free telephone helpline, and targeted digital advertising on search engines, social media, and consumer websites, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.  The Court further finds that the proposed form and content of the Notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms.  The Court finds that the Notice clearly and concisely states in plain, easily understood language, *inter alia*: (i) the nature of the Litigation; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Settlement Class Member must submit a timely claim via a valid Claim Form to be eligible to receive a Cash Payment under the Settlement; (vi) the time and manner for submitting a Claim Form; (vii) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (viii) the time and manner for requesting exclusion; and (ix) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).  The parties may make non-material changes to the proposed Notice program, including the form and content of the Notice, without seeking further approval of the Court.

12.     The Court directs the Settlement Administrator and the Parties to implement the Notice program as set forth in the Settlement Agreement.  As soon as practicable and no later than 30 days after entry of this Preliminary Approval Order, the Settlement Administrator shall do the following:

a.   Settlement Website:   The Settlement Administrator shall establish a Settlement Website hosted at www.smokedsalmonsettlement.com, dedicated to the Settlement. The Settlement Website shall contain the Long Form Notice (in substantially the same form attached as Exhibit B to the Settlement Agreement), in both downloadable PDF format and HTML format; a Contact Information page that includes the address for the Settlement Administrator and addresses and telephone numbers for Settlement Class Counsel; the telephone helpline number; the Settlement Agreement; this Order; a downloadable and online version of the Claim Form; and all other material filings by the Parties or the Court regarding the Settlement, including Settlement Class Counsel's application for an Attorneys' Fees and Costs Award, and/or Class Representative Service Awards, the motion for final approval, and any orders with respect to such applications and motions. The Settlement Website shall remain accessible until at least 180 days after all Cash Payments to Settlement Class Members have been distributed.

b.   Toll-free telephone helpline:   The Settlement Administrator shall establish a toll-free telephone helpline, which shall be posted on the Settlement Website, and to which Settlement Class Members may refer for information about the Litigation and the Settlement Agreement.   The toll-free helpline shall remain active until at least 180 days after all Cash Payments to Settlement Class Members have been distributed.

c.   Online Notice:   The Settlement Administrator shall cause the Online Notice to be published on internet sites, including search engines, social media, and consumer websites, through an appropriate programmatic network.

13.   Within 20 days after entry of this Preliminary Approval Order, Mowi shall pay the Notice and Settlement Administration Costs Advance to the Settlement Administrator in an amount of $112,718.

14.     By no later than 35 days before the Final Approval Hearing, the Settlement Administrator shall file (or provide to Settlement Class Counsel for filing) an affidavit affirming that the Notice program has been implemented in accordance with the Settlement Agreement and this Order (including CAFA notice) and identifying any Settlement Class Members who timely and validly requested exclusion from the Settlement Class.

Opt-Out and Objection Procedures

15.     Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a written request for exclusion that is postmarked no later than 120 days after entry of this Preliminary Approval Order (the "Exclusion/Objection Deadline").  To be effective, the request for exclusion must include (a) the Settlement Class Member's full name, telephone number, and mailing address; (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) the name of the Litigation: "*Neversink General Store et al. v. Mowi USA, LLC et al.*, Case No. 1:20-cv-09293-PAE"; and (d) the Settlement Class Member's signature, or the like signature or affirmation of an individual authorized to act on the Settlement Class Member's behalf.  Upon the Settlement Administrator's receipt of a timely and valid exclusion request, the Settlement Class Member shall be deemed excluded from the Settlement Class and shall not be entitled to any benefits of this Settlement.  A Settlement Class Member may request to be excluded from the Settlement only on the Settlement Class Member's own behalf; a Settlement Class Member may not request that other Settlement Class Members (or a group or subclass of Settlement Class Members) be excluded from the settlement.

16.     Any Settlement Class Member who does not request exclusion from the Settlement Class has the right to object to the proposed Settlement and/or to Settlement Class Counsel's

motion for an Attorneys' Fees and Costs Award or Class Representative Service Awards.  To be considered valid, an objection must be in writing, must be filed with or mailed to the Court, must be postmarked or filed no later than 120 days after entry of this Preliminary Approval Order (the Exclusion/Objection Deadline), and must include the following:  (a) the case name and case number: "*Neversink General Store et al. v. Mowi USA, LLC et al.*, Case No. 1:20-cv-09293-PAE"; (b) the full name, mailing address, and telephone number of the Settlement Class Member objecting to the Settlement (the "Objector"); (c) the Objector's signature, or the like signature or affirmation of an individual authorized to act on the Objector's behalf; (d) a statement of the specific grounds for the objection; (e) state whether the objection applies only to the Objector, to a specific subset of the class, or to the entire class; (f) the name, address, bar number, and telephone number of counsel for the Objector, if represented or counseled in any degree by an attorney in connection with the objection; and (g) a statement whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel.  If the Objector or his or her attorney intends to call witnesses or present evidence at the Final Approval Hearing, the objection must contain the following information: (a) a list identifying all witnesses whom the Objector may call at the Final Approval Hearing and providing all known addresses and phone numbers for each witness, together with a reasonably detailed report of the testimony the witness will offer at the hearing; and (b) a detailed description of all other evidence the Objector will offer at the Final Approval Hearing, including copies of any and all exhibits that the Objector may introduce at the Final Approval Hearing.  Only objections that are submitted in accordance with this paragraph shall be considered by the Court.  Any Settlement Class Member who does not timely submit an objection in accordance with this paragraph shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the proposed

Settlement or to Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award or Class Representative Service Awards.

17.     By no later than 90 days after entry of this Preliminary Approval Award, Settlement Class Counsel shall file their motion for an Attorneys' Fees and Costs Award and/or a Class Representative Settlement Award.  Any such motion shall be posted to the Settlement Website within one business day after its filing.

**Final Approval Hearing**

18.     The Court will hold a Final Approval Hearing on _____, 2021 [*at least 190 days after entry of this Preliminary Approval Order*] at _____ a.m./p.m, in the United States District Court for the Southern District of New York, Courtroom 1305, 40 Foley Square, New York, NY 10007.  The purposes of the Final Approval Hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the Litigation with prejudice and releasing all Released Claims; (iii) determine whether the Settlement Class should be finally certified; (iv) rule on Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and/or Class Representative Service Awards; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement.  If the Court subsequently determines that the Final Approval Hearing should not occur at an in-person hearing but rather through remote means, the Court will issue a subsequent order.

19.     By no later than 35 days before the Final Approval Hearing, Settlement Class Counsel shall file their motion for final approval of the Settlement Agreement.

20.     By no later than 14 days before the Final Approval Hearing, the Parties shall file any responses to any Settlement Class Member objections and any replies in support of final settlement approval and/or Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and/or a Class Representative Service Award.

21.     The Court may, in its discretion, modify the date, time, and/or location of the Final Approval Hearing.  In the event the Court changes the date, time, and/or location of the Final Approval Hearing, the new date and time shall be posted on the Settlement Website.

22.     If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and administration as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement Agreement.

23.     Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, including matters relating to Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and/or a Class Representative Service Award, all proceedings in the Litigation are hereby stayed and suspended until further order of this Court.

24.     Pending final determination of whether the Settlement Agreement should be finally approved, Plaintiffs and all Settlement Class Members (and any persons purporting to act on their behalf) are barred and enjoined from filing, commencing, prosecuting, maintaining, or enforcing any action against the Released Parties insofar as such action asserts Released Claims, directly or

indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein), in any judicial, administrative, arbitral, or other forum.  This bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

25.     This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not constitute, be described as, construed as, offered, or received against Mowi or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Litigation; (b) any liability, negligence, fault, or wrongdoing of Mowi or the Released Parties; or (c) that this Litigation or any other action may be properly certified as a class action for litigation, non-settlement purposes.

26.     The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

27.     The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members.  Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

28.     The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| | |
|---|---|
| Notice Date | **30 days after entry of this Preliminary Approval Order** |
| Last day for Settlement Class Counsel to file motion for Settlement Class Counsel Attorneys' Fees and Costs Award and/or Class Representative Service Award | **90 days after entry of this Preliminary Approval Order** |
| Exclusion/Objection Deadline | **120 days after entry of this Preliminary Approval Order** |
| Last day for Settlement Class Counsel to file motion for final approval of the Settlement | **35 days before Final Approval Hearing** |
| Last day for the Parties to file any responses to objections, and any replies in support of motion for final settlement approval and/or Settlement Class Counsel Attorneys' Fees and Costs Award and/or Class Representative Service Award | **14 days before Final Approval Hearing** |
| Final Approval Hearing | **_____, 2021, which is at least 190 days after entry of this Preliminary Approval Order** |

**IT IS SO ORDERED.**

DATED: _____.


_____

Paul A. Engelmayer

United States District Judge

# EXHIBIT B

**United States District Court for the Southern District of New York**

# Notice of Proposed Class Action Settlement

## If you purchased a Ducktrap River of Maine smoked Atlantic salmon product from March 1, 2017 to [DATE], you are entitled to make a claim for a cash payment.

**The Court authorized this notice.  This is not a solicitation from a lawyer.**
**You are not being sued.  Please do not contact the Court.**

| 1. | Background & Introduction |
|---|---|

This class action settlement will resolve a lawsuit against Mowi USA, LLC, Mowi Ducktrap, LLC, Mowi USA Holding, LLC, and Mowi ASA (collectively, "Mowi") involving the marketing of Ducktrap River of Maine smoked Atlantic salmon products, including those marketed under the Ducktrap River of Maine, Kendall Brook, Spruce Point, Marine Harvest, and Nova Lox brand names.  The lawsuit contends that these products were inappropriately marketed as sustainably sourced, all natural, and from Maine.  The lawsuit seeks to stop such marketing and to refund to customers a portion of the purchase price.  Mowi denies these allegations and maintains that its marketing was at all times truthful and accurate.

The Court has not made a determination as to whether the allegations against Mowi have merit. Instead, the parties have proposed to enter into a class-action settlement to resolve the claims asserted in the settlement.  In connection with this settlement, Mowi will provide each Settlement Class Member who submits a valid and timely claim a cash payment of up to two dollars and fifty cents ($2.50) per package of Ducktrap smoked Atlantic salmon purchased between March 1, 2017 and [*the date of entry of the Preliminary Approval Order*], up to a maximum of $25.00 per household. The maximum of $25.00 per household does not apply if valid proof of purchases are submitted. In addition, Mowi has agreed to make changes to the labeling of Ducktrap River of Maine smoked Atlantic salmon products.

This notice summarizes your rights under the proposed settlement of a class action lawsuit.  For the precise terms and conditions of the settlement, please see the settlement agreement available at www.smokedsalmonsettlement.com.

Your legal rights are affected whether you act or don't act.  Read this notice carefully.

Any questions?  Read below, visit www.smokedsalmonsettlement.com, or call [#####] for more information.

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **Submit a Claim** | The only way to receive a cash payment in connection with this settlement is to submit a timely and valid claim. See Questions 6–8 for more information. | [120 days after entry of the Preliminary Approval Order] |
| **Exclude Yourself** | If you exclude yourself from the Settlement Class (also called "opting out"), you will give up your right to receive a settlement payment, but will retain any rights you may have to bring your own lawsuit about the issues in this lawsuit.  See Question 10 for more information. | [120 days after entry of the Preliminary Approval Order] |
| **Object or Comment** | If you do not exclude yourself from the Settlement Class, you may object to, or comment on, the settlement and/or Settlement Class Counsel's request for attorneys' fees and litigation expenses and for a Class Representative Service Award to the plaintiffs who brought this lawsuit on behalf of the Settlement Class.  See Question 11 for more information. | [120 days after entry of the Preliminary Approval Order] |
| **Go to a Hearing** | Ask to speak to the Court about the fairness of the settlement, the amount of attorney's fees, or the payments to the Plaintiffs.  See Questions 11 and 16–18 for more information. | [120 days after entry of the Preliminary Approval Order] |
| **Do Nothing** | If you do nothing and the settlement becomes final, you will not receive a settlement payment, even if you are a Settlement Class Member.  You will give up your right to bring your own lawsuit about the issues in this lawsuit. See Questions 6–7, 9, 12 for details. | |

# Basic information about the class action

## 2.      What is this lawsuit about?

This lawsuit concerns Ducktrap River of Maine smoked Atlantic salmon products, including those marketed under the Ducktrap River of Maine, Kendall Brook, Spruce Point, Marine Harvest, and Nova Lox brand names (each a "Ducktrap Product"), which are produced, marketed, and sold by Mowi.  The lawsuit alleges that these products were inappropriately marketed as sustainably sourced, all natural, and from Maine, both on the packaging of the products and in online advertising.  The lawsuit alleges that these claims are misleading because (1) the farming methods by which the salmon for the products were sourced were not

environmentally sustainable, (2) the salmon used in the products was treated with artificial chemicals, and (3) the salmon used in the products was sourced from farms outside the United States, not from Maine.

Plaintiffs Neversink General Store and Brenda Tomlinson filed a class action lawsuit against Mowi about these issues.  The operative complaint in this case is available at www.smokedsalmonsettlement.com.  Mowi denies that any of the allegations are true and that it did anything wrong.

Plaintiffs and Mowi have now agreed to a settlement to resolve this lawsuit, as described below.  The Court has not decided whether Plaintiffs or Mowi are correct.  By agreeing to the settlement, neither Mowi nor Plaintiffs makes any admissions regarding the merits of the allegations, claims, or defenses in this case.

The United States District Court for the Southern District of New York is overseeing this class action lawsuit.  The lawsuit is known as *Neversink General Store et al. v. Mowi USA, LLC et al.*, Case No. 1:20-cv-09293-PAE.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people sue on behalf of themselves and other people with similar claims. All of these people together make up the Settlement Class and are Settlement Class Members.  One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

| 4. | Who is in the Settlement Class? |
|---|---|

The "Settlement Class" is defined as:

> persons or entities residing in the United States of America that purchased a Ducktrap Product with packaging that included "sustainably sourced," "all natural," and/or "from Maine" during the period beginning March 1, 2017 and ending on [*date of Preliminary Approval Order*].

People in the Settlement Class are called "Settlement Class Members."  Excluded from the Settlement Class are all officers and directors of Mowi and its parents, subsidiaries, affiliates, and any entity in which Mowi has a controlling interest; all judges assigned to hear any aspect of the lawsuit, as well as their staff and immediate family; and attorneys appointed by the Court to represent the Class ("Settlement Class Counsel"), their staff members, and their immediate family.

The final Settlement Class will consist of all persons within the Settlement Class definition except for those individuals who submit timely and valid requests for exclusion by the deadline set by the Court.  (See Question 10).

# Information about the Settlement

**5.      What are the terms of the proposed settlement?**

The complete terms of the proposed settlement are set forth in the Settlement Agreement, which is available at www.smokedsalmonsettlement.com.  This notice provides only a summary of the terms of the settlement.  The settlement benefits and obligations are summarized below.

**6.      What are the benefits of the proposed settlement?**

If the settlement is approved and becomes final, Mowi will provide cash payments to each Settlement Class Member that submits a timely and valid Claim Form, as described further in Questions 7 and 8.

**You <u>must</u> file a claim to receive a payment under the settlement.**

Mowi has also agreed to remove the phrases "sustainably sourced," "all natural," and "Naturally Smoked Salmon FROM MAINE" from the packaging of any Ducktrap Product for two years. Mowi reserves the right to use the same or similar phrases as long as they are accompanied by appropriate qualifying or substantiating language or symbols, and to represent that the Ducktrap Products are "smoked in Maine."

If awarded by the Court, Mowi may also pay the attorneys' fees and litigation expenses of the Settlement Class Counsel and any service award granted to the Plaintiffs.

**7.      How much can I get in the settlement?**

If the settlement is approved and becomes final, each Settlement Class Member will have an opportunity to file a claim requesting a settlement payment.  Each Settlement Class Member that files a timely and valid claim will receive up to $2.50 for each package of the Ducktrap Product purchased in the United States for their household between March 1, 2017 and [*date of Preliminary Approval Order*].  The total payment will be limited to ten packages (*i.e.*, no more than $25) per household unless you submit valid proof of purchase for each additional package. If the total number of claims submitted, when combined with the costs charged by the settlement administrator of administering the settlement and any service award authorized to the plaintiffs that filed this lawsuit, exceeds $1,300,000, then the cash payment you receive will be reduced on a pro rata basis.

"Proof of purchase" means a dated receipt, credit card or bank statement, or other document showing that you actually purchased one or more Ducktrap Products between March 1, 2017 and [*date of Preliminary Approval Order*].  An affidavit, declaration, or other written statement by a Settlement Class Member is not by itself enough to qualify as proof of purchase.

If you file a timely and valid claim, settlement payments will be distributed by check [or by electronic payment, if you elect that option on the Claim Form].

For any settlement payment checks that are uncashed or deemed undeliverable by the Settlement Administrator, those amounts will be treated as unclaimed property of the corresponding Settlement Class Member, subject to applicable state unclaimed property procedures (the additional administrative costs of such unclaimed property process will be deducted from the

unclaimed property amounts on a *pro rata* basis). Such funds may be redistributed among the other Settlement Class Members if economically feasible, or to a mutually agreeable third party. Such uncashed or unclaimed funds will not revert to Mowi.

| 8. | How can I submit a claim? |
|---|---|

To submit a claim, you must fill out the Claim Form available on the settlement website, www.smokedsalmonsettlement.com. You can also request a Claim Form by calling [#####]. You can submit the form online, or you can print it out and mail it to the Settlement Administrator at [*address*]. Claim Forms must be submitted online or postmarked by **[120 days after Preliminary Approval Order]**. Only one Claim Form may be submitted per household.

# Your rights and options

| 9. | What are my options? |
|---|---|

**You <u>must</u> file a claim by following the steps in Question 8 to receive a payment under the settlement.**

If you are a Settlement Class Member and do nothing, and the settlement is approved and becomes final, you will <u>not</u> receive a payment under this settlement, and you will give up your right to bring your own lawsuit against Mowi about the issues in this lawsuit. You will also be legally bound by all of the orders that the Court issues and judgments the Court makes in this class action.

You may exclude yourself from the Settlement Class (sometimes referred to as "opting out") by following the steps described in Question 10. If you exclude yourself, you will give up your right to receive a settlement payment but will retain any right you may have to sue Mowi about the issues in this lawsuit.

If you do not exclude yourself, you may object to or comment on the settlement and/or to Settlement Class Counsel's request for attorneys' fees and litigation expenses and for a Class Representative Service Award (see Question 11). If you exclude yourself, you may not object. You do not need to object or comment in order to receive a settlement payment, but you <u>must</u> file a claim.

| 10. | How do I exclude myself from the Settlement Class? |
|---|---|

To exclude yourself from the Settlement Class, you must mail a written request for exclusion to:

[*SETTLEMENT ADMINISTRATOR ADDRESS*]

To be effective, your request for exclusion must be **postmarked no later than [120 days after Preliminary Approval Order]**, and must include the following information:

(a) your full name, telephone number, and mailing address;

(b) a clear and unequivocal statement that you wish to be excluded from the Settlement Class;
(c) the name and case number of the lawsuit: "*Neversink General Store et al. v. Mowi USA, LLC et al.*, Case No. 1:20-cv-09293-PAE"; and
(d) your signature or the signature of an individual authorized to act on your behalf.

Requests for exclusion must be specific to individual Settlement Class Members. Settlement Class Members cannot request exclusion on behalf of others or as a class or group.

## 11.     How do I object or comment?

If you are a Settlement Class Member and have not excluded yourself from the Settlement Class, you can comment on or object to the settlement, Settlement Class Counsel's request for attorneys' fees and litigation expenses, and/or the request for a service award for Plaintiffs.  To object or comment, you must send a written objection/comment including the following:

(a) the name and case number of this lawsuit: "*Neversink General Store et al. v. Mowi USA, LLC et al.*, Case No. 1:20-cv-09293-PAE";
(b) your full name, mailing address, and telephone number;
(c) your signature or the signature of an individual authorized to act on your behalf;
(d) a description of the specific reasons for your objection;
(e) a statement about whether the objection applies only to you, to a specific subset of the class, or to the entire class;
(f) the name, address, bar number, and telephone number of your attorney, if you are represented by an attorney in connection with your objection; and
(g) a statement about whether or not you intend to appear at the Final Approval Hearing either in person or through an attorney.

If you or your attorney intend to call witnesses or present evidence at the Final Approval Hearing, your written objection/comment also must:

(a) identify all witnesses whom you or your attorney may call at the Final Approval Hearing;
(b) provide all known addresses and phone numbers for each such witness;
(c) provide a reasonably detailed report of the testimony each witness will offer at the hearing;
(d) describe in detail all other evidence you or your attorney will offer at the hearing; and
(e) attach copies of any and all exhibits you or your attorney may introduce at the hearing.

To be considered by the Court, your comment or objection must be filed with or mailed (and postmarked) to the Clerk of Court **no later than [120 days after Preliminary Approval Order]**, at the following addresses:

Clerk of Court
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, NY, 10007

You have the right to consult with your own attorney, at your own expense, before deciding how

best to proceed.

## 12.    What claims will be released by this Settlement?

If you are in the Settlement Class definition and do not exclude yourself from the Settlement Class, and the settlement is approved and becomes final, the settlement will be legally binding on you.  In exchange for the settlement benefits, you will release all claims against Mowi and its affiliates about the issues in this lawsuit regarding Mowi's alleged marketing of the Ducktrap Products.  You also covenant and agree that you will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any claims about the issues in this lawsuit against Mowi and its affiliates.  The Settlement Agreement, available at www.smokedsalmonsettlement.com, describes the claims you are releasing (giving up) by staying in the Settlement Class (called "Released Claims").  These Released Claims are any Claims that you ever had, now have, or may have in the future, whether asserted by you or asserted on your behalf by a third party (including Claims brought on behalf of the general public of the United States or of a particular state, district, or territory therein), arising out of or in any way relating to conduct occurring on or before [*date of entry of the Preliminary Approval Order*] relating to:

(a) use of the phrases "sustainably sourced," "all natural," "Ducktrap River of Maine," "Ducktrap River Maine," and/or "from Maine" on the packaging of Ducktrap Products;

(b) any of the other marketing representations identified in the Complaint, First Amended Complaint, or Second Amended Complaint filed in the lawsuit, including, but not limited to, any representations made on the packaging of Ducktrap Products, on Mowi's websites, on Mowi's social media platforms, or in any other form, that "WE CARE for the ecosystem" or that Ducktrap Products or the salmon sourced for those Products are "sustainably sourced," "responsibly source[d]," "farm[ed] sustainably," "responsibly farmed," "environmentally sustainable," "eco-friendly," "all natural," "100% natural," "100% all natural," "of Maine," "from Maine," or "from the coast of Maine";

(c) any acts or omissions that were raised or could have been raised within the scope of the facts asserted in the Complaint, First Amended Complaint, or Second Amended Complaint, including representations similar to the representations set forth in (a) and (b) above; or

(d) any event, matter, dispute, or thing that in whole or in part, directly or indirectly, relates to or arises out of said events specified in (a), (b), or (c) above.

If you are in the Settlement Class definition and do not exclude yourself from the Settlement Class, and the settlement is approved, you also expressly accept and assume the risk that the facts upon which this Settlement Agreement is executed may be found later to be other than or different from the facts now believed by the Plaintiffs, the Settlement Class Members, Settlement Class Counsel, Mowi, and Mowi's Counsel to be true, and you agree that the Settlement Agreement shall remain effective notwithstanding any such difference in facts.

## 13.    Do I have a lawyer in this class action?

Yes.  The Court has appointed the following attorneys and law firms to represent the Settlement Class Members.  Together, these lawyers are known as "Settlement Class Counsel":

Jonathan Shub
Shub Law Firm LLC

134 Kings Highway East, 2nd Floor
Haddonfield, NJ 08033
(856) 772-7200

Kevin Laukaitis
Shub Law Firm LLC
134 Kings Highway East, 2nd Floor
Haddonfield, NJ 08033
(856) 772-7200

Gary M. Klinger
Mason Lietz & Klinger LLP
227 W. Monroe Street, Ste. 2100
Chicago, Illinois 60606
(202) 640-1160

Gary E. Mason
Mason Lietz & Klinger LLP
5101 Wisconsin Ave. NW, Ste. 305
Washington DC 20016
(202) 640-1160

You do not have to pay Settlement Class Counsel for their time or expenses incurred in this case out of your pocket.  Instead, Settlement Class Counsel will petition the Court for an award of their fees and expenses; any amount awarded will be paid by Mowi.

The Court has also appointed Plaintiffs Neversink General Store and Brenda Tomlinson as class representatives to represent the Settlement Class.

## 14.    How will the lawyers be paid?

Settlement Class Counsel (see Question 13) will file a motion on or before [*90 days after Preliminary Approval Order*] asking the Court to award them attorneys' fees and reimbursement of litigation expenses up to a total of $360,000, which will be paid separately by Mowi.  The attorneys' fees and expenses awarded by the Court will be the only payment to Settlement Class Counsel for their efforts in achieving the settlement and for their risk in undertaking this representation on a wholly contingent basis.

In addition, Settlement Class Counsel will ask the Court on or before [*90 days after Preliminary Approval Order*] to award service awards of up to $7,500 to Plaintiff Neversink General Store and up to $1,500 to Plaintiff Brenda Tomlinson to compensate them for their efforts and commitment on behalf of the Settlement Class in this lawsuit.

The Court will determine the amount of attorneys' fees and expenses and the amount of any service awards to award.  Settlement Class Counsel's application for attorneys' fees and expenses and for service awards will be made available at www.smokedsalmonsettlement.com when they are filed.

**15.     Should I hire my own lawyer for this case?**

You do not need to hire your own lawyer because Settlement Class Counsel represents you and the other members of the Settlement Class already.  However, you have the right to hire your own lawyer.  If you want your own lawyer separate from Settlement Class Counsel, you will have to pay that lawyer.

# The Court's Final Approval Hearing

**16.     When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at [__:__] a.m./p.m. on [_____],
in the United States District Court for the Southern District of New York, Courtroom 1305, 40 Foley Square, New York, NY 10007.  The hearing may be moved to a different date, time, and/or location.  Please check www.smokedsalmonsettlement.com for updates or changes to the date, time, or location of the Final Approval Hearing.

At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  The Court will also consider Settlement Class Counsel's applications for attorneys' fees and expenses and for service awards.  If there are objections, the Court will consider them.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

**17.     Do I have to come to the hearing?**

No.  Settlement Class Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you submit an objection, you do not have to come to the Court to talk about it.  So long as you submitted your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**18.     May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing.  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

# Getting more information

**19.     Where can I get more information?**

More information can be found at www.smokedsalmonsettlement.com.  That website includes important case deadlines, links to case documents including the full Settlement Agreement and the complaint in this lawsuit, and other information about the lawsuit and the settlement.  You can also get more information by calling [######], or by calling Settlement Class Counsel at the phone numbers listed in the response to Question 13 above.

**PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# EXHIBIT C

Class Member ID:
**3100000000000**

## Ducktrap Smoked Salmon Class Action Settlement
### [Downloadable] Claim Form

<table>
<tr><td>

**MUST BE
SUBMITTED
NO LATER THAN,
MONTH XX, 2021**

</td><td>

This Settlement involves Ducktrap River of Maine smoked Atlantic salmon products, including those marketed under the Ducktrap River of Maine, Kendall Brook, Spruce Point, Marine Harvest, and Nova Lox brand names (the "Ducktrap Products").

</td><td>

For Office Use Only

</td></tr>
</table>

If your claim is timely and valid and the Court approves the settlement, you will receive a cash payment equivalent to up to two dollars and fifty cents ($2.50) for every package of the Ducktrap Product you purchased in the United States for your household between March 1, 2017 and [*date of Preliminary Approval Order*]. **You may receive a cash payment for up to ten packages (*i.e.*, up to twenty-five dollars ($25)) per household without Proof of Purchase. If you wish to receive a cash payment for more than ten packages, you must submit a valid Proof of Purchase for each additional package. Proof of Purchase means a dated receipt, credit card or bank statement, or other document showing that you purchased one or more Ducktrap Products between March 1, 2017 and [*date of Preliminary Approval Order*]. Each Proof of Purchase may be submitted only once per household.**

To make a claim under the settlement, you must complete this form and mail it to the address below. (Alternatively, you can complete and submit the online claim form at www.smokedsalmonsettlement.com/claimform.) All information will be kept private. Your claim form must be **postmarked by [_____], 2021**. This claim form will be used only for purposes of administering this settlement. Your submission, whether online or by mail, will be submitted to a court and is subject to the penalty of perjury carrying penalties under U.S. laws including criminal, civil, and financial penalties for fraudulent submissions.

Cash payments will be mailed [or made by electronic payment, if you elect that option,] after the Settlement's Effective Date. Please save a copy of this completed form and your Proof of Purchase(s) for your records. **For further information, visit www.smokedsalmonsettlement.com. In order to receive a cash payment, you must complete all of the information below and sign and date the form. The address that you provide below is the address where your cash payment will be mailed.**

---

**Name:** _____     _____     _____
     *First Name*                           *M.I.*         *Last Name*

**Street Address:** _____

**City:** _____

**State:** ____  ____       **Zip Code:** _____ (zip4 optional)

**Email Address:** _____ @ _____ .

[□ **By checking this box, I agree to receive any payment to which I am entitled by direct electronic payment to the financial account indicated below. If I do not check this box, then I understand my payment will be mailed to me at the address I provided above.**

  Financial Institution Name: _____  City: _____  State: _____
  Routing #: _____  Account #: _____  Account Type (please check one): □ Checking  □ Savings]

---

I purchased [Insert total number here]_____ packages of the Ducktrap Product between March 1, 2017 and [*date of Preliminary Approval Order*].

I certify under penalty of perjury under the laws of the United States that all of the foregoing is true and correct.

---

**SIGNATURE:** _____     **PRINTED NAME:** _____

**DATED:** _____ / _____ / _____

---

Mail, **WITH YOUR PROOF OF PURCHASE, IF ANY,** to: Mowi Settlement Administrator, [*address*]

# EXHIBIT D

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEVERSINK GENERAL STORE, BRENDA TOMLINSON, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 1:20-cv-09293-PAE |
| v. | [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT |
| MOWI USA, LLC, MOWI DUCKTRAP, LLC, MOWI USA HOLDING, LLC, and MOWI ASA, | |
| Defendants. | |

This matter came before the Court for hearing on [_____], 2021, pursuant to the Court's Preliminary Approval Order dated [_____], 2021 (Dkt. No. [___]), and on the motion ("Motion") for final approval of the Class Action Settlement Agreement and Release, dated [_____], 2021, entered into by the Parties (the "Settlement Agreement") (Dkt. No. [___]), as well as Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and for a Class Representative Service Award ("Fee Motion") (Dkt. No. [___]).  Due and adequate notice having been given to the Settlement Class Members of the proposed Settlement and the pending motions, as directed by the Court's Preliminary Approval Order, and upon consideration of all papers filed and proceedings had herein, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.      Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§ 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members.  Venue is proper in this District.

3.      The "Settlement Class" for purposes of this Final Approval Order means:

All persons or entities residing in the United States of America that purchased a Ducktrap Product with packaging that included "sustainably sourced," "all natural," and/or "from Maine" during the period beginning March 1, 2017 and ending on the date of entry of the Preliminary Approval Order.  The following individuals are excluded from the Settlement Class: officers and directors of Mowi and its parents, subsidiaries, affiliates, and any entity in which Mowi has a controlling interest; all judges assigned to hear any aspect of this Litigation, as well as their staff and immediate family; and Settlement Class Counsel, their staff members, and their immediate family.

4.      The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

5.      The Court finds that the Notice program for disseminating notice to the Settlement Class, provided for in the Settlement Agreement and previously approved and directed by the Court, has been implemented by the Settlement Administrator and the Parties.  The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Litigation, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and the manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment; (c)

constituted due, adequate, and sufficient notice to all persons and entities entitled to notice; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.

6.      The Court APPROVES Notice and Settlement Administration Costs in the amount of [_____], with such costs to be deducted from the $1,300,000 Total Class Consideration pursuant to Section 2.4 of the Settlement Agreement.

7.      The Court hereby finds that all Settlement Class Members and all persons and entities who fall within the definition of the Settlement Class have been adequately provided with an opportunity to exclude themselves from the Settlement Class by submitting a request for exclusion in conformance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order.  A list of those persons and entities who submitted timely and valid requests for exclusion is attached as Exhibit __.  All persons and entities listed on Exhibit __ are not bound by this Final Approval Order and Judgment and are entitled to no relief under the Settlement.   All other persons and entities who fall within the definition of the Settlement Class are Settlement Class Members and part of the Settlement Class, and shall be bound by this Final Approval Order and corresponding Judgment and the Settlement Agreement.

8.      The Court reaffirms that this Litigation is properly maintained as a class action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(b)(3).

9.      The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3).  Specifically, this Court finds that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are typical of those of the Settlement Class Members; (4) Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the interests of

3

the Settlement Class Members; and (5) for purposes of settlement only, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

10.     The Court reaffirms its appointment of Plaintiff Neversink General Store and Plaintiff Brenda Tomlinson as Settlement Class Representatives to represent the Settlement Class, and reaffirms its appointment of Settlement Class Counsel to represent the Settlement Class.

11.     The Court finds that the Settlement Agreement warrants final approval pursuant to Rule 23(e)(2) because, the Court finds, the Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Settlement Class, after weighing the relevant considerations.  First, the Court finds that Plaintiffs and Settlement Class Counsel have adequately represented the Settlement Class, and will continue to do so through Settlement implementation.  Second, the proposed Settlement Agreement was reached as a result of arms-length negotiations through an experienced mediator, Honorable Diane M. Welsh (Ret.), and comes after adequate investigation of the facts and legal issues and the filing of three complaints and two separate motions to dismiss, and a daylong mediation session.  Third, the Court finds that the relief proposed to be provided for the Settlement Class is fair, reasonable, and adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; and (iii) the terms of the requested Attorneys' Fees and Costs Award.  Fourth, the Court finds that the Settlement Agreement treats Settlement Class Members equitably relative to each other.  Under the terms of the Settlement Agreement, each Settlement Class Member that submitted a timely and valid Claim Form will be sent a Cash Payment, which will be based on the number of Ducktrap Products the Settlement Class Member purchased, as provided on the Settlement Class Member's submitted Claim Form.  Specifically, each Settlement Class Member will receive a payment of up

to $2.50 for each Ducktrap Product package purchased in the United States during the Class Period for which the Settlement Class Member has provided valid Proof of Purchase, and up to $2.50 for up to ten Ducktrap Product packages that the Settlement Class Member attests, on the Claim Form, to have purchased in the United States during the Class Period for which the Settlement Class Member cannot provide valid Proof of Purchase.

12.     In granting final approval of the Settlement Agreement, the Court has also considered the so-called "*Grinnell* factors" that courts in this Circuit consider in evaluating proposed class settlements—which overlap considerably with the factors to be considered under Rule 23(e)(2)—including "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)).

13.     [*Discussion of factors, as appropriate*]

14.     The Motion is hereby GRANTED, and the Settlement Agreement and its terms are hereby found to be and APPROVED as fair, reasonable, and adequate and in the best interest of the Settlement Class.  The Parties and Settlement Administrator are directed to consummate and implement the Settlement Agreement in accordance with its terms, including distributing settlement payments to the Settlement Class Members after deduction of the Notice and Settlement Administration Costs and the Class Representative Service Awards (discussed below) from the

$1,300,000 Total Class Consideration.

15.     The Second Amended Complaint is hereby dismissed with prejudice and without costs to any Party, other than as specified in the Settlement Agreement, this Final Approval Order and corresponding Judgment, and any order(s) by this Court regarding Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and a Class Representative Service Award.

16.     In consideration of the benefits provided under the Settlement Agreement, and for other good and valuable consideration set forth in the Settlement Agreement, each of the Settlement Class Members and Releasing Parties shall, by operation of this Final Approval Order and Judgment, have fully, finally, and forever released, relinquished, acquitted, and discharged all Released Claims against all Released Parties in accordance with Section 3.6 of the Settlement Agreement, the terms of which section are incorporated herein by reference.  The terms of the Settlement Agreement, which are incorporated by reference into this Order, shall have *res judicata* and other preclusive effects as to the Released Claims as against the Released Parties.  The Released Parties may file the Settlement Agreement and/or this Order in any other litigation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

17.     All Settlement Class Members and Releasing Parties (including any persons purporting to act on their behalf) have covenanted not to sue any Released Party with respect to any Released Claim and shall be permanently barred and enjoined from instituting, commencing, prosecuting, continuing, or asserting any Released Claim against any Released Party, directly or indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein).  This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Order, and this Court's

6

authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Order and judgment shall preclude an action to enforce the terms of the Settlement Agreement.

18.     Pursuant to the terms of the Settlement Agreement, Plaintiffs, Settlement Class Counsel, Mowi, and Mowi's Counsel have, and shall be deemed to have, released each other from any and all Claims relating in any way to any Party or counsel's conduct in this Litigation, including but not limited to any Claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion, or resolution of this Litigation, including Claims for attorneys' fees, costs of suit, or sanctions of any kind except as otherwise expressly set forth in Section 3.4 of the Settlement Agreement.

19.     This Final Approval Order and corresponding Judgment is the final, appealable judgment in the Litigation as to all Released Claims.

20.     Without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of the Settlement Agreement; (b) Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and a Class Representative Service Award; (c) distribution of the settlement payments, Settlement Class Counsel's Attorneys' Fees and Costs Award, and any Class Representative Service Award; and (d) all other proceedings arising out of or related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement Agreement, including enforcement of the Releases provided for in the Settlement Agreement. The time to appeal from this Final Approval Order and Judgment shall commence upon its entry.

21.     In the event that the Settlement Agreement Effective Date does not occur, this Final

Approval Order and Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Settlement Class Members, and Mowi.

22.      This Final Approval Order and Judgment, the Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Mowi or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Litigation; (b) any liability, negligence, fault, or wrongdoing of Mowi or the Released Parties; or (c) that this Litigation or any other action may be properly certified as a class action for litigation, non-settlement purposes.

23.      The Fee Motion is also hereby GRANTED.  The Court APPROVES: (a) payment of Settlement Class Counsel's Attorneys' Fees and Costs Award in the total amount of $[_____] (consisting of $[_____] in attorneys' fees, plus $[_____] in reimbursement of litigation expenses); and (b) payment of service awards in the amount of $[_____] to Plaintiff Neversink General Store and $[_____] to Plaintiff Brenda Tomlinson, to compensate them for their commitment and effort on behalf of the Settlement Class, with such service awards to be deducted from the $1,300,000 Total Class Consideration pursuant to Section 3.3 of the Settlement Agreement.

24.      The Court finds that the fees and litigation expenses requested by Settlement Class Counsel are reasonable and appropriate under applicable standards and justified by the circumstances of this case.  The Court finds that the fees and expenses requested are reasonable under the percentage-of-the-fund approach and under a lodestar-multiplier cross-check.  *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).  The Court further finds that

the fees and expenses requested are reasonable under the factors set forth in *Goldberger*, namely "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Id.*

25.     [*Discussion of factors, as appropriate*]

26.     With respect to the requested Class Representative Service Awards for Plaintiffs, the Court finds that such awards are appropriate, and that the amount requested is within the range regularly awarded by Second Circuit courts and justified by the circumstances in this case. *See Hart v. BHH, LLC*, 2020 WL 5645984, at *5 (S.D.N.Y. Sept. 22, 2020).

27.     The Court also notes that [__] Settlement Class Member[s] objected to the Settlement or to the requested Attorneys' Fees and Costs Award or Class Representative Service Awards—the amounts of which were included in the class notice.

28.     [*Discussion of objections, as necessary.*]

29.     Pursuant to Rule 54, the Court finds that there is no just reason for delay and expressly directs this Final Approval Order and Judgment and immediate entry by the Clerk of the Court.


**IT IS SO ORDERED.**

DATED: _____.


_____

Paul A. Engelmayer

United States District Judge

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEVERSINK GENERAL STORE, BRENDA TOMLINSON, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 1:20-cv-09293-PAE |
| v. | [PROPOSED] JUDGMENT GRANTING FINAL APPROVAL OF CLASS SETTLEMENT |
| MOWI USA, LLC, MOWI DUCKTRAP, LLC, MOWI USA HOLDING, LLC, and MOWI ASA, | |
| Defendants. | |

This matter came before the Court for hearing on [_____], 2021, pursuant to the Court's Preliminary Approval Order dated [_____], 2021 (Dkt. No. [___]), and on the motion ("Motion") for final approval of the Class Action Settlement Agreement and Release, dated May 5, 2021, entered into by the Parties (the "Settlement Agreement") (Dkt. No. [___]), as well as Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and for a Class Representative Incentive Award ("Fee Motion") (Dkt. No. [___]). For the reasons set forth in the accompanying Final Approval Order, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.     Plaintiffs' motion for final approval of the Class Action Settlement Agreement and Release, dated March 16, 2021, entered into by the Parties (the "Settlement Agreement"), is hereby GRANTED. The parties are ORDERED to comply with the terms of the Settlement Agreement.

2.     Plaintiffs' Fee Motion is hereby GRANTED. Pursuant to Section 3.4 of the Settlement Agreement, Mowi shall pay Settlement Class Counsel an Attorneys' Fees and Costs Award in the amount of $_____. Pursuant to Section 3.3 of the Settlement Agreement, Mowi

shall pay Plaintiff Neversink General Store a Class Representative Service Award in the amount of $_____ and Plaintiff Brenda Tomlinson a Class Representative Service Award in the amount of $_____, which shall be deducted from the $1,300,000 Total Class Consideration.

3.      The Second Amended Complaint is hereby DISMISSED WITH PREJUDICE.

4.      Without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of the Settlement Agreement; (b) Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and a Class Representative Service Award; (c) distribution of the settlement payments, Settlement Class Counsel's Attorneys' Fees and Costs Award, and any Class Representative Incentive Award; and (d) all other proceedings arising out of or related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement Agreement, including enforcement of the Releases provided for in the Settlement Agreement.

5.      This is a final and appealable judgment.


**IT IS SO ORDERED.**

DATED: _____.


_____

Paul A. Engelmayer

United States District Judge